JOSEPHINE LEE *vs.* BOSTON ELEVATED RAILWAY COMPANY.
GEORGE LEE *vs.* SAME.

Suffolk.    November 11, 1902. — January 8, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, & HAMMOND, JJ.

*Street Railway.    Negligence,* Contributory, On street railway.

*Semble,* that a person alighting from a street car is not a passenger while passing from the car to the sidewalk.

If a woman alights from a street car upon a pile of earth extending toward the side-

walk, there being on the other side a trench, and instead of walking toward the sidewalk, which she can do in safety, hesitates and then makes a step toward the trench and, the earth giving way, falls into it, *semble*, that she cannot recover against the railway company, whether it was negligent or not.

It is not negligence for a street railway company to allow a pile of earth to remain upon the street a reasonably necessary length of time, after it has been thrown up from a trench dug by the railway company, with the consent and under the general supervision of the commissioner of highways of the city, for the purpose of laying a new track. And the railway company is under no duty to instruct a woman alighting from one of its cars upon this pile of earth, that she should walk toward the sidewalk instead of turning in the opposite direction and taking a step toward the trench.

TWO ACTIONS OF TORT, the first by Josephine Lee for personal injuries alleged to have been caused by the negligence of the defendant, and the second by George Lee, the husband of Josephine, for loss of her services. Writs dated October 31, 1899.

At the trial in the Superior Court before *Pierce*, J., the following facts appeared in addition to those stated by the court : The conductor said nothing to the plaintiff as she left the car. She stepped from the car on the right hand side, the left being closed, upon the pile of earth, and the car went ahead. There was no place on which she could step from the step of the car except on the mound of earth. She then noticed that the tracks were being relaid, and that behind her was a trench in which the newly laid tracks were placed. She saw that the pile of earth extended for some distance up and down the street, as far as she could see in both directions, without any break or opening by which she might cross the street. Wishing to go to the left hand side of the street, she turned, and, as she deliberated what she should do, took a step toward the edge of the pile which was nearest the trench, when the pile gave way under her and she fell into the trench and was injured.

At the close of the plaintiffs' evidence, the defendant rested, and requested the judge to order verdicts for the defendant. The judge refused to do so, and submitted the cases to the jury, who returned a verdict for the plaintiff in each case, in the first case in the sum of $600 and in the second case in the sum of $150. The defendant alleged exceptions.

*E. P. Saltonstall*, for the defendant.

*C. R. Clapp*, for the plaintiffs.

HAMMOND, J. These two cases were tried together. The evidence fails to show that there was any negligence on the part of the defendant. In broad daylight, the plaintiff in the first case stepped from the car upon "a pile of earth about the height of the step of the car, extending from the step of the car some distance toward the sidewalk, on the right hand side of the street." She noticed the pile before she got off, and she thought it was solid. Having alighted from the car she was no longer a passenger. It is perfectly apparent that if she had gone to the sidewalk upon the right hand side of the street, she would have met with no injury. Instead of taking that course, she took a step toward the trench between the pile and the left hand side of the street, and, the earth giving way, she fell into the trench. It was agreed at the trial that the work of digging the trench was being done by the authority and consent and under the general supervision of the commissioner of highways of the city, that the excavation was made for the purpose of laying down a new track, and that in order to lay the track it was necessary to cast upon the surface of the street the earth taken from the excavation. Such a method of working upon the street is very common. It cannot be said either that it was negligent so far as respects the plaintiff in the first case under the circumstances for the defendant to permit the pile of earth to remain upon the street, or that there was any duty resting upon the defendant to direct her to take the safe course plainly indicated to her by the situation and to cross to the right side of the street. The defendant had no reason to expect that a person of mature age would be in any danger in alighting from the car at that place in the daytime. Since the second case depends upon the first, the entry in each case must be

*Exceptions sustained.*