ALEXANDER D. CHISHOLM, administrator, *vs.* NEWTON STREET RAILWAY COMPANY.

SAME *vs.* SAME.

Middlesex.    January 6, 7, 1913. — April 1, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Negligence,* Street railway, Gross.

In actions by an administrator against a street railway company, respectively at common law for personal injuries to the plaintiff's intestate and under R. L. c. 111, § 267, for causing his death, there was evidence that the plaintiff's intestate was an old man who was standing with others near a white pole station, that a car was approaching on the farther of the defendant's parallel tracks and that the others signalled to the car to stop and the intestate followed them across the street, that the motorman saw the signal but that he was making up time and did not stop and passed at unusual speed, striking the intestate before he cleared the farther track and causing injuries which resulted in his conscious suffering and death. *Held,* that the questions, whether the intestate was negligent in deciding to cross the street in front of the car or in the manner of carrying out that intention and whether the defendant's motorman was negligent, should be submitted to the jury in the action at common law, but that in the action under the statute a verdict should be ordered for the defendant because there was no evidence of gross negligence.

In considering the question whether on certain facts there was evidence of gross
negligence of the motorman of a street railway car toward a traveller on the
highway, *it was said*, by HAMMOND, J., that the cases of *Beale* v. *Old Colony Street
Railway*, 196 Mass. 119, and *Berry* v. *Newton & Boston Street Railway*, 209
Mass. 100, must be regarded as marking the extreme limit to which the doc-
trine of gross negligence in this class of cases can go.

Two ACTIONS OF TORT by the administrator of the estate of
James Chisholm, the first action under R. L. c. 111, § 267, for
causing the death of the plaintiff's intestate, when he was walking
across one of the defendant's tracks on Washington Street in that
part of Newton called West Newton near the corner of Chestnut
Street, by reason of the alleged gross negligence of the servants
of the defendant in operating a street railway car, and the second
action at common law for personal injuries of the plaintiff's intes-
tate resulting in conscious suffering before his death and consequent
expense for medical attendance and nursing, alleged to have been
caused by the negligence of the defendant's servants in the opera-
tion of one of its cars when the intestate was travelling on the
highway in the exercise of due care.   Writs dated respectively
April 4 and May 18, 1905.

In the Superior Court the cases were tried together before
*Bell*, J.   It appeared that the accident happened on January 12,
1905, at about 12.45 o'clock in the afternoon, and that the intestate
consciously suffered and lived until about nine o'clock in the even-
ing of January 14, 1905.   The age of the intestate was stated vari-
ously by the witnesses as being from seventy-five to eighty-three
years, but it was testified that his sight and hearing were un-
impaired and that he was as active as a much younger man would
be.   There was evidence that the intestate was standing with
two other men near a white pole station; that a car was approaching
on the farther of the defendant's parallel tracks; that the other
two men signalled to the car to stop and crossed the street fol-
lowed by the plaintiff; that the motorman saw them but did not.
stop and went by at "a strong twenty-five miles an hour;" that
they heard no bell or whistle; and that the intestate was struck
by the car just as he was stepping over the last rail.   The motor-
man of the car testified on cross-examination "that he was run-
ning faster than usual on that day making up time; that he had
decided not to stop at the stations."

At the close of the evidence the judge ruled that the plaintiff

was not entitled to recover and ordered a verdict for the defendant in each of the cases. The plaintiff alleged exceptions.

*J. E. Cotter,* (*M. J. Connolly* with him,) for the plaintiff.

*W. U. Friend,* (*P. F. Drew* with him,) for the defendant.

HAMMOND, J. The collision between the car and the deceased took place in the daylight at or near one of the usual stopping places of the cars. The deceased saw the car and attempted to cross the street in front of it. He and the car were travellers on the public way, with the reciprocal rights and duties of such travellers. Each was bound to use due care to prevent a collision.

The case is close. It is unnecessary to state the evidence in detail. It is conflicting, but upon a careful reading of it we are of opinion that the questions whether, in deciding to cross in front of the car, or in the manner of carrying out that intention, or in any other respect the plaintiff was careless, and generally whether either party was careful or careless, were for the jury.

We are also of opinion that there was no evidence of gross negligence. To hold otherwise would be going further than the decision in the cases of *Beale* v. *Old Colony Street Railway,* 196 Mass. 119, and *Berry* v. *Newton & Boston Street Railway,* 209 Mass. 100, which must be regarded as the extreme limit to which the doctrine of gross negligence in this class of cases can go.

It follows that in the first action, which was brought for the death, the exceptions are overruled; and in the second, which was brought for conscious suffering, the exceptions are sustained.

*So ordered.*