SARAH MALOY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    January 14, 15, 1914. — February 27, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, & CROSBY, JJ.

*Negligence,* Street railway. *Evidence,* Matters of common knowledge. *Practice, Civil,* Rulings and instructions.

*It seems,* that one of the matters of common knowledge of which judicial cognizance will be taken is that, after a motorman operating a street railway car sees that an exigency requires him to stop the car, he cannot do this instantly.

In an action against a corporation operating a street railway for injuries sustained by the plaintiff from being run into by a car of the defendant when walking across a street on a cross walk, it is prejudicial error for the presiding judge to instruct the jury without qualification that a pedestrian under the circumstances

disclosed by the evidence has the right to go in front of an electric street railway car which he has seen approaching one hundred and fifty or two hundred feet away, provided he goes upon the track "sufficiently in front of the car so that the motorman by the use of the devices for stopping the car can stop it, and avoid coming in contact with" him; as this instruction omits the important requirement of due care on the part of the pedestrian, and would allow the jury to return a verdict for the plaintiff even if the car was so near that the plaintiff in the exercise of due care ought not to have attempted to cross in front of it.

BRALEY, J.    The plaintiff a pedestrian, and the defendant's car came into collision at a cross walk, and the questions of her due care and the negligence of the motorman were properly left to the jury upon conflicting evidence. In his instructions, which fully and clearly presented the issues, the presiding judge,* after referring to the plaintiff's theory of the accident, that she was proceeding carefully, looking at two different times for the car, first when she was three hundred feet away, and again when she was one hundred and fifty feet distant, and had begun to cross, said, that if she was "sufficiently in advance of the electric car so that the motorman in the exercise of due care on his part could protect her, why, then, it was his duty to protect her. There is certain knowledge which jurors have, and which they are supposed to have, and that is the knowledge which people acquire about electric cars, and the use of the streets, from ordinary observation. It is known that an electric car cannot be immediately stopped; that, after a motorman sees that he must stop his car, he cannot do it instantly. There must some time elapse, and we know that, and do not ask, if we step immediately in front of an electric car — we do not blame the motorman because he cannot stop instantly. He must have such space upon the street in which to stop his car as you from your observation and from the evidence in the case shall say he ought to have." This was an accurate statement of the law as to the duty of the motorman, whose conduct was properly left to the determination of the jury. *Nelson* v. *Old Colony Street Railway,* 208 Mass. 159, 161, 162.

But in connection with these instructions the judge went further and said, that a pedestrian under the circumstances disclosed in the case had the right to go in front of an electric car

* *White,* J.

which he sees approaching one hundred and fifty or two hundred feet away "provided you go upon the track of the electric car sufficiently in front of the car so that the motorman by the use of the devices for stopping the car can stop it, and avoid coming in contact with you." To this instruction the defendant duly excepted.

The rights of the plaintiff and the defendant in the concurrent use of the public ways often has been stated, each must take reasonable precautions to avoid injury to the other. *O'Brien* v. *Blue Hill Street Railway,* 186 Mass. 446, 447. It is probable, as the plaintiff urges, that all the judge meant, was to state the rule in his own way, and it is settled that a single sentence or paragraph of a charge cannot be disconnected from the context as ground for reversible error, if as a whole the instructions are correct. *Doe* v. *Boston & Worcester Street Railway,* 195 Mass. 168, 172. *Plummer* v. *Boston Elevated Railway,* 198 Mass. 499. It was said in *Hamilton* v. *Boston Elevated Railway,* 213 Mass. 420, 423, that "a general exception to specific portions of the charge where no specific requests are asked for will not be sustained unless substantive error or injustice plainly appears." *Commonwealth* v. *Meserve,* 154 Mass. 64. See *Old Colony Trust Co.* v. *Bailey,* 202 Mass. 283. A careful reading of the entire charge, however, does not remove the serious objection that the statement excepted to omitted the important element of the due care of the traveller, or, in the case at bar, care of the plaintiff. The jury had the right to understand that the unqualified instruction was binding and must be followed, even if under the conditions shown by the evidence for the defendant they were satisfied that the plaintiff ought not in the exercise of due care to have attempted to cross if the car was only thirty or forty feet distant.

*Exceptions sustained.*

*F. M. Ives,* for the defendant.

*C. H. Donahue,* (*W. P. Meehan* with him,) for the plaintiff.