HELEN G. REARDON *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   March 24, 1922. — July 5, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Negligence,* Street railway.

At the trial of an action by a pedestrian against a street railway company for personal injuries, there was evidence that at the time of the accident no part of the highway, except the part occupied by the double tracks of the defendant, was passable for pedestrians because of a heavy fall of snow; that pedestrians were using the cleared part of the street; that the snow was piled in sloping banks about three feet high close to both outside rails and to a considerably greater height next to the sidewalk; that the plaintiff was walking on the outward bound track and, seeing a street car coming from behind him on the inbound track, crossed the tracks in front of the car, at, or substantially at, a regular stopping place of the defendant for receiving passengers, for the purpose of becoming a passenger upon it and started up the snow bank walking backwards; that the car almost stopped, then increased the speed and, as it did so, suddenly bolted ahead and the plaintiff was struck by the front of the car. The defendant's sole contention was that as a matter of law the plaintiff was not in the exercise of due care. *Held,* that

(1) The use by the defendant of the parts of the street occupied by its tracks was not exclusive;

(2) It could not have been ruled as a matter of law that the plaintiff was negligent in attempting to cross in front of the car instead of waiting until the car had passed and then crossing behind it;

(3) The plaintiff was not negligent as a matter of law.

TORT to recover damages for personal injuries received by the plaintiff by being struck by a car of the defendant at a stopping place of the defendant for receiving passengers at the corner of Dorchester Avenue and Romsey Street in the city of Boston on February 7, 1920. Writ dated March 5, 1920.

In the Superior Court the action was tried before *Fessenden,* J. Material evidence is described in the opinion. At the close of the plaintiff's evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. The jury returned a verdict for the plaintiff in the sum of $1,150; and the defendant alleged exceptions.

*E. P. Saltonstall,* (*A. F. Bickford* with him,) for the defendant.

*P. J. Donaghue,* for the plaintiff.

JENNEY, J.  This action is here upon the defendant's exception to the refusal of the trial judge to order a verdict in its favor.

The plaintiff, desiring to become a passenger upon a street car of the defendant, entered upon Dorchester Avenue, a public highway in Boston, in which the defendant had two tracks.  There had been a heavy fall of snow, and the tracks and the space between them had been cleared by the defendant.  The snow was piled in sloping banks, about three feet high close to both outside rails and to a considerably greater height next to the sidewalks.  The sidewalks were impassable and pedestrians used the cleared part of the street.

The plaintiff, who was young and active and had two companions, walked down Dorchester Avenue on the outbound track intending to take a car of the defendant at Andrew Square.  As she approached Romsey Street, she saw one coming on the inbound track from behind her, and decided to take it if she could do so.  At Romsey Street there was a regular stopping place.  All started to cross the tracks in front of the inbound car.  Her companions crossed and got safely upon the snow bank on the right of the inbound track.  The plaintiff after crossing the tracks started up the bank, walking backwards, and continued in that manner.  The car came almost to a stop and then increased its speed and as it did so suddenly "bolted ahead" and the front of the car hit the plaintiff below the knee and she fell.  As this happened some one caught and held her so that she did not go under the car.

The defendant's sole contention is that as a matter of law the plaintiff was not in the exercise of due care.  It argues that had she remained where she was on the outbound track she could have passed by the rear of the car and stepped into the door on its right side after it had come to a standstill and that, instead of acting in this obviously safe manner, she adopted the dangerous course of attempting to climb on the snow bank and did it in such a way as to make her attempt more dangerous than it otherwise would have been.  The defendant contends that in so doing she, as a matter of law, was negligent.

In the absence of any argument that the evidence did not warrant a finding of negligence on the part of the motorman, that question is not considered.

The use by the defendant of the parts of the street occupied by

its tracks was not exclusive. *Chaput* v. *Haverhill, Georgetown & Danvers Street Railway,* 194 Mass. 218. *Keith* v. *Worcester & Blackstone Valley Street Railway,* 196 Mass. 478. *Nelson* v. *Old Colony Street Railway,* 208 Mass. 159. *Richardson* v. *Haverhill & Amesbury Street Railway,* 218 Mass. 52.

We think it could not have been ruled as a matter of law that the plaintiff was negligent in attempting to cross in front of the car at, or substantially at, a regular stopping place for the purpose of receiving passengers, instead of waiting until the car had passed and then crossing behind it, even in the light of the existing circumstances; nor that her method of climbing the bank was negligent. These questions were for the jury. *Chisholm* v. *Newton Street Railway,* 214 Mass. 281. *Maloy* v. *Boston Elevated Railway,* 217 Mass. 108. The jury might have found that the plaintiff could rely upon the stopping of the car to receive passengers and that she would have reached a place of safety if it had not been for the sudden acceleration of its speed. Even if they came to a different conclusion, she could be found to have been in the exercise of due care, although, as it turned out, her judgment as to her course of action was not sound. *Hennessey* v. *Taylor,* 189 Mass. 583. The case is distinguishable in the nature of the negligence of the defendant and the action of the plaintiff from *Wilson* v. *Charlestown,* 8 Allen, 137, *Casey* v. *Fitchburg,* 162 Mass. 321, and *Lee* v. *Boston Elevated Railway,* 182 Mass. 454, upon which the defendant relies. See *Thompson* v. *Bolton,* 197 Mass. 311.

It follows that the case was properly submitted to the jury and that the exception must be overruled.

*So ordered.*