MARY E. MINIHAN, administratrix, *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   March 16, 1927. — July 1, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Street railway, In use of highway, Contributory.

Conflicting evidence at the trial of an action by an administratrix against a street railway company to recover for causing the death of the intestate, who was struck by a street car of the defendant when, in the course of his duty as a street cleaner, he was on a street crossing, warranted a submission to the jury of the questions, whether the intestate was guilty of contributory negligence and whether the defendant's motorman was negligent.

TORT, with a declaration in two counts, one for causing conscious suffering and one for causing the death of the plaintiff's intestate, who was a street cleaner for the city of Boston

at Upham's Corner and, when cleaning the street and using a push wagon known as a "hokey-pokey," a broom and shovel on a cross walk, was struck by a street car of the defendant. Writ dated October 16, 1923.

In the Superior Court, the action was tried before *Gray*, J. Material evidence is stated in the opinion. The judge denied a motion by the defendant for a verdict in its favor. The jury found for the defendant on the count for conscious suffering and for the plaintiff on the count for causing death in the sum of $6,500. The defendant alleged exceptions.

The case was submitted on briefs.

*H. F. Hathaway*, for the defendant.

*P. J. Donaghue & H. R. Donaghue*, for the plaintiff.

WAIT, J. This action is before us upon exceptions claimed by the defendant to the refusal by the trial judge to direct a verdict for the defendant. The plaintiff's intestate was struck by a car of the defendant, and died from the injury received. The jury returned a verdict for the defendant upon a count which alleged conscious suffering, and for the plaintiff upon a count for causing the death.

No good purpose for discussing the details of the contradictory evidence appears. The defendant conceded that, if there was sufficient evidence that the intestate was injured at a paved crossing of the reservation in which the car was moving, he was not a trespasser or a licensee; and that he died from injuries sustained in the accident. It is sufficient to say that the testimony permitted the jury to find that the motorman was negligent in failing properly to control the speed of his car after he knew the intestate was busied, properly, upon the tracks in front of him; that the accident took place at the crossing; and that the intestate was not negligent in passing in front of the car.

We cannot say that the intestate was negligently unaware of the approaching car, or careless in assuming that he had time to pass in front of it; especially when the evidence is uncontradicted that, when struck, he was almost beyond the line of danger. *McGrath* v. *Boston Elevated Railway*, 257 Mass. 541, 543.

In *Hayes* v. *Boston Elevated Railway*, 224 Mass. 303,

*Fitzpatrick* v. *Boston Elevated Railway,* 249 Mass. 140, and, apparently, in *Bradley* v. *Bay State Street Railway,* 231 Mass: 572, cited by the defendant as controlling authorities, there was evidence from the injured person which established his lack of due care. All are distinguishable.

*Exceptions overruled.*