WILLIAM J. LINNANE, administrator, *vs.* SIMON MILLMAN.

Suffolk.    November 30, 1927. — January 3, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, Motor vehicle, Of person in charge of child, Of child, Contributory, Violation of statute. *Evidence*, Presumptions and burden of proof. *Practice, Civil*, Ordering verdict.

At the trial of an action for causing the death of a girl six years and five months of age who was run over by a motor truck of the defendant at an intersection of ways in Boston, it appeared that the girl had been allowed by her mother to play on a sidewalk near her home at a place in view of her dining room window, with instructions to a sister eight

years of age to look out for her; that, while the children were playing, the older sister heard a scream and discovered that the younger girl was under the truck. The plaintiff's evidence failed to show how the younger girl went from the sidewalk to the place of the accident or what she was doing there. There was evidence that the truck approached the children at a rate of fifteen to twenty miles an hour, that no warning horn was sounded, and that it went sixty feet after striking the child. *Held*, that

(1) There was evidence of negligence of the driver of the truck in violating G. L. c. 90, §§ 14, 17, which might have been found to have caused the accident;

(2) It could not have been ruled as a matter of law that the mother of the plaintiff's intestate was guilty of contributory negligence;

(3) The plaintiff's intestate was old enough to exercise care for her own safety;

(4) It could not have been ruled as a matter of law that the defendant had maintained the burden of proving that the plaintiff's intestate was guilty of contributory negligence, there being no evidence from which it could be determined whether or not she used the care of a reasonably prudent child of her age.

In deciding, upon an exception by the plaintiff to a ruling by the trial judge ordering a verdict for the defendant in an action under G. L. c. 229, § 5, for causing the death of a child, whether a ruling should have been made as matter of law that contributory negligence of the child was established, evidence introduced in behalf of the defendant in support of that contention must be disregarded: such a ruling can be made only when based upon facts admitted or indisputable or upon evidence by which the plaintiff is bound.

TORT under G. L. c. 229, § 5, for causing the death of Catherine T. Linnane through negligence. Writ dated April 18, 1924.

In the Superior Court, the action was tried before *Lawton*, J. Material evidence is stated in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant. The plaintiff alleged exceptions, which, after the resignation of *Lawton*, J., were allowed by *Morton*, J.

The case was submitted on briefs.

*J. H. Vahey, J. H. Vahey, Jr., & P. Mansfield*, for the plaintiff.

*S. Markell*, for the defendant.

SANDERSON, J.   This is an action of tort to recover damages for the death of the plaintiff's intestate, a girl six years and five months of age. An automobile truck, operated by an agent of the defendant upon the defendant's business,

came in contact with the child as she was crossing Western Avenue at a point near its intersection with Smith Street in Boston. The plaintiff's exception to the order of the judge directing a verdict for the defendant presents the question to be decided.

The child had been allowed by her mother to go upon the sidewalk near her house at a place in view from the dining-room window, with instructions to her older sister, then about eight years of age, to look out for the younger child. The two girls played together for a short time, when the older sister heard a scream and discovered that the younger girl was under a truck in the street. The older sister did not know that the younger one had left the sidewalk until the accident happened. A witness called by the plaintiff testified that a group of children were in front of the truck and the plaintiff was also there but not with the group. The testimony introduced by the plaintiff failed to show how the deceased went from the sidewalk to the place of the accident, or what she was doing on the way. Witnesses testified to seeing the truck and hearing no horn sounded.

The defendant's testimony tended to prove that a group of children were in the street on their way across, shortly before the truck arrived, and stopped to let it pass; that the girl who was killed ran out from the group when the truck was within a few feet of her, and that she ran into the front bumper on the right of its center. There was evidence tending to show that the speed of the truck, as it approached the scene of the accident, was at the rate of fifteen to twenty miles an hour, and that it went about sixty feet after the child was hurt. The evidence presented a jury question on the issue of the defendant's negligence. It was for them to decide whether, as the truck approached the intersection of ways, the driver maintained a speed that was greater than was reasonable and proper in violation of G. L. c. 90, § 17; whether he slowed down and gave a timely signal as he approached the group of children in the street near the scene of the accident, as he was required to do by G. L. c. 90, § 14; and whether a violation of these provisions of

law was a cause of the accident. *Clark* v. *Martin, ante,* 60. *Gaulin* v. *Yagoobian, ante,* 145.

It could not have been ruled that the child's mother was guilty of contributory negligence in allowing her to play with her older sister in the circumstances disclosed by the evidence. The child herself was old enough to exercise care for her own safety. *Pinto* v. *Brennan,* 254 Mass. 298, 301. In deciding whether it could be ruled, as matter of law, that the child's contributory negligence was established, the testimony introduced in behalf of the defendant must be disregarded. Such a ruling can be made only when based upon facts admitted or indisputable or upon evidence by which the plaintiff is bound. *Duggan* v. *Bay State Street Railway,* 230 Mass. 370. *Sullivan* v. *Chadwick,* 236 Mass. 130. *O'Callaghan* v. *Boston Elevated Railway,* 249 Mass. 43. *McGrath* v. *Boston Elevated Railway,* 257 Mass. 541.

The plaintiff's evidence disclosed no facts upon which it could be ruled that the child was careless. It did not show whether or not she used the care of a reasonably prudent child of her age. Inasmuch as there was evidence for the jury on the question of the defendant's negligence, and it could not have been ruled that the defendant had maintained the burden of proving that the child was not in the exercise of due care, the court erred in allowing the defendant's motion for a directed verdict.

*Exceptions sustained.*