GEORGE N. HARDING *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    October 19, 1928. — December 1, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, Contributory, Street railway, In use of highway. *Evidence*, Presumptions and burden of proof.

At the trial of an action of tort for personal injuries against a street railway company, the plaintiff testified that, on a dark night, as he was about to cross a street about sixty-three feet wide, which contained two sets of street car tracks known to him to be slippery from a mist, and which was darkened by an elevated structure supported by iron columns on both sides of the tracks, he paused on the curb, looked both ways and saw no vehicles except a street car approaching on the further set of tracks and about three hundred to three hundred fifty feet away; that he looked again when near the first rail and saw the car then two hundred feet or more away; and that he was struck by the car on the fourth rail. Another witness called by the plaintiff testified that, when the plaintiff was near the first rail, he saw him look along the tracks; that the car was then approaching at eighteen to twenty-two miles per hour; that the plaintiff kept on; that, when the car was about eighteen feet from the plaintiff, the plaintiff moved faster; that the car was "pretty close to him" when he got to the "second last rail"; that the car did not stop for eight to twelve feet after hitting the plaintiff at the fourth rail; and that he heard no gong nor application of brakes, but saw sparks from the brakes. The trial judge, subject to the plaintiff's exception, ordered a verdict for the defendant. *Held*, that
(1) On the plaintiff's testimony, findings that he was not guilty of

contributory negligence and that the motorman was negligent were warranted;

(2) Although, on the testimony of the other witness, a finding that the plaintiff was guilty of contributory negligence was warranted, the plaintiff was not bound by the testimony of that witness; it was for the jury to decide which testimony should be believed;

(3) The verdict erroneously was ordered for the defendant, and the plaintiff's exception must be sustained.

TORT for personal injuries. Writ dated August 6, 1925.

Material evidence at the trial in the Superior Court before *Quinn*, J., is described in the opinion. At the close of the plaintiff's evidence, the judge ordered a verdict for the defendant, and the plaintiff alleged an exception.

*J. J. Mansfield*, (*J. F. Creed* with him,) for the plaintiff.

*J. E. Hannigan*, for the defendant.

WAIT, J. The plaintiff was struck and injured by an electric street car of the defendant as he was crossing Washington Street near Arnold Street in Roxbury. He testified that about eight o'clock in the evening of March 28, 1925, he walked north along Washington Street to a point on the easterly sidewalk where he prepared to cross to go to a store near Arnold Street. The night was "quite" dark. There was no starlight or moonlight, but there was an electric street light at the northeast corner of Arnold Street. It was misting a little. The street was darkened by the elevated structure, here supported by iron columns fifteen inches square on both sides of and four feet distant from the outer rails of a double track between nineteen and twenty feet wide from the most easterly to the most westerly rail. Washington Street narrows as it comes from the south, and opposite Arnold Street is about sixty-three feet wide from curb to curb. The track runs nearly in the middle, but is a few feet nearer the westerly sidewalk. There is a down grade toward the south of about twelve to eighteen inches in a hundred feet which ends near Arnold Street. There was no cross walk. Woodbury Street, which enters Washington Street from the west, is about one hundred sixty-five feet northerly from Arnold Street, and Lenox Street is about five hundred feet away in the same direction. Six lines of street cars use the tracks; and the plaintiff, who was familiar with the locality,

testified that "You would expect a car to be coming on one track or the other most any time," and that he knew that the rail was slippery and it might be hard for a motorman to stop his car quickly in case of need.  He testified that he stepped to the curb, looked up and down Washington Street, and saw that no trucks or automobiles were coming, but that a single street car was in sight going south, which had not reached Lenox Street, three hundred or three hundred fifty feet away from where he stood.  He went forward and when near the first rail looked to see that no car was coming from the south, and that the car he had seen coming from the north was a "sufficient distance away I should say to be safe to cross, probably a couple of hundred feet or more, two hundred and fifty," crossed over the third rail and was about at the fourth rail when he was hit.  If this testimony was believed, it would support findings of due care on his part and of negligence on the part of the motorman.  *Jeddrey* v. *Boston & Northern Street Railway*, 198 Mass. 232.  *O'Toole* v. *Boston Elevated Railway*, 211 Mass. 517.  *Harrington* v. *Boston Elevated Railway*, 214 Mass. 563.  *Coolidge* v. *Boston Elevated Railway*, 214 Mass. 568.  *Hennessey* v. *Taylor*, 189 Mass. 583.

A witness, called by the plaintiff, testified that, as he stood near Arnold Street, he saw the plaintiff crossing diagonally toward him and looking along the tracks as he reached the first rail.  The witness then saw, a little north of Woodbury Street, a car coming at about eighteen to twenty-two miles per hour.  The man kept on.  The witness looked again.  The car was about eighteen feet from the plaintiff.  He saw him "spurt up, commence to get a little walk on, and by the time he got to the second last rail the car was pretty close to him."  He shouted to the man but it did no good, and he was hit just as he was at the last rail.  The car did not stop till it had gone eight to twelve feet further.  He heard no gong nor application of brakes, but saw sparks from the brakes.  If this testimony was believed, it would justify a finding of lack of due care by the plaintiff.  *Stone* v. *Boston Elevated Railway*, 211 Mass. 365.  *Haynes* v. *Boston Elevated Railway*, 204 Mass. 249.

It was for the jury to decide which story to believe. The plaintiff was not bound by the testimony of the witness where it contradicted or threw doubt upon what he himself had stated to be the truth. See *Hill* v. *West End Street Railway,* 158 Mass. 458. It cannot be said that a verdict for the defendant was required as matter of law.

There was error, therefore, in directing a verdict for the defendant and the entry must be

*Exception sustained.*