CHARLES B. SHEPHERD, administrator, *vs.* NATHAN
NIRENSTEIN.

Hampden.    September 17, 1930. — October 2, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Negligence*, Contributory, Motor vehicle, In use of way.

In an action of tort by an administrator for causing the death of the
plaintiff's intestate, a woman, there was evidence that the defend-
ant, while operating an automobile at forty miles an hour, saw the
intestate one hundred feet away crossing the street from the side to
the defendant's right; that the defendant sounded no signal; that
he continued without slackening speed until he struck the intestate;
that the automobile thereafter went more than one hundred feet
before stopping; that when it came to a stop the intestate was on
the ground near the left front wheel; and that the defendant, upon
being told that he had killed the intestate, who was the sole support
of her mother, said: "Never mind . . . I am insured, and I will take
care of her mother." The evidence as to the movements and conduct
of the intestate was conflicting. *Held*, that
    (1) It could not have been ruled as a matter of law that the de-
fendant had sustained the burden of proving the intestate guilty of
contributory negligence;
    (2) A finding was warranted that the defendant was negligent;
    (3) A verdict for the plaintiff was warranted.

TORT, for causing the death and conscious suffering of
the plaintiff's intestate.   Writ dated January 20, 1928.

Material evidence at the trial in the Superior Court
before *Callahan*, J., is stated in the opinion. The judge
ordered a verdict for the defendant on the count for con-
scious suffering, but denied the defendant's motion that
a verdict be ordered in his favor on the count for death.
The jury found for the plaintiff in the sum of $7,100. The
defendant alleged exceptions, which, after the death of
*Callahan*, J., were allowed by *Greenhalge*, J.

The case was submitted on briefs.

*R. Lasker & R. J. Talbot*, for the defendant.

*J. L. Gray*, for the plaintiff.

SANDERSON, J.   The plaintiff's intestate, while crossing a highway in a westerly direction to take a street car, was hit by an automobile operated by the defendant, and so injured that she died without conscious suffering.   The testimony as to her movements and conduct was conflicting and there were no admitted or indisputable facts in the case which would have justified the trial judge in ruling that the defendant had sustained the burden of proving contributory negligence.   *McGrath* v. *Boston Elevated Railway*, 257 Mass. 541, 544.   *Linnane* v. *Millman*, 261 Mass. 491, 494.   *Hepburn* v. *Walters*, 263 Mass. 139, 141.   Testimony was introduced tending to prove that the defendant going in a northerly direction upon the street saw the deceased when she was one hundred feet from him; that he was then operating the automobile at a speed of forty miles per hour and continued at that speed until the accident;   that a witness who watched the automobile approaching heard no signal sounded;   that the point of impact was the left front of the automobile;   that it went one hundred feet or more after striking the intestate before it came to a stop and the deceased was then on the ground near the left front wheel.   When told that he had killed this woman, who was the sole support of her mother, the defendant said: "Never mind . . . I am insured, and I will take care of her mother."   The evidence tending to prove negligence of the defendant was rightly submitted to the jury.   G. L. c. 90, § 14, as amended by St. 1925, c. 305, § 14.   See *Rasmussen* v. *Whipple*, 211 Mass. 546, 548; *Dennison* v. *Swerdlove*, 250 Mass. 507, 508; *DiRienzo* v. *Goldfarb*, 257 Mass. 272, 280.

*Exceptions overruled.*