LAVINA F. KENNEY, executrix, *vs.* BOSTON ELEVATED
RAILWAY COMPANY.

Suffolk.   November 23, 1932. — April 27, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence*, Contributory, In use of way, Street railway.

On evidence, at the trial of an action under G. L. (Ter. Ed.) c. 229, § 3,
by an executor against a street railway company, that, when the
decedent started at night to walk a distance of about fourteen feet
across the defendant's double car tracks to a safe place to take a car
approaching on the farther tracks, the car was more than two hun-
dred feet away, approaching at a moderate speed; that the decedent
looked toward the car, raised his hand and proceeded on his way
toward a stopping place where other passengers were waiting; that
the speed of the street car was increased to thirty miles an hour when
it was ninety feet from the stopping place; that it struck the dece-
dent as he was crossing the last rail of the tracks, and did not stop
until after it had passed the stopping place; and that both the motor-
man of the car and the decedent had a clear view, the questions,
whether the motorman was negligent and whether the decedent was
guilty of contributory negligence, were for the jury.

TORT. Writ dated December 12, 1927.

The action was tried in the Superior Court before *W. A.
Burns*, J. Material evidence is stated in the opinion.
Subject to leave reserved under G. L. (Ter. Ed.) c. 231,
§ 120, a verdict for the plaintiff in the sum of $3,110.84 was
recorded. Thereafter the judge ordered entered a verdict
for the defendant. The plaintiff alleged an exception.

*J. J. O'Hare*, (*R. T. Hamlet* with him,) for the plaintiff.

*J. E. Hannigan*, (*A. M. McDonough* with him,) for the
defendant.

LUMMUS, J. After a verdict for the plaintiff in an action
under G. L. (Ter. Ed.) c. 229, § 3, for negligently causing
the death of Michael F. Kenney, the trial judge reserved
leave under G. L. (Ter. Ed.) c. 231, § 120, and ordered
entered a verdict for the defendant, subject to the plaintiff's
exception. Under the statute, the plaintiff had to prove

that the death was caused by negligence of the defendant or its servants, and could not recover if the defendant should prove contributory negligence on the part of the deceased. G. L. (Ter. Ed.) c. 231, § 85. The only question is whether there was evidence warranting the verdict for the plaintiff. The most favorable statement of the facts, from the standpoint of the plaintiff, that finds support in the evidence, is the following.

Hyde Park Avenue in Boston runs from Hyde Park northerly to Forest Hills. In the center of the avenue are double tracks of the defendant. On the easterly side of the avenue, at the corner of Collins Street, at a white post, is a car stop for cars running toward Forest Hills on the easterly track. Opposite, on the westerly side of the avenue, is a store. On the evening of March 27, 1927, a little after seven o'clock, a fully lighted electric car of the defendant was coming north on the easterly track at a speed of about thirty miles an hour, according to some witnesses, or at a speed of about fifteen miles an hour, according to others. The deceased was waiting in front of the store, intending to take the car, and when he saw it he started across the avenue at a moderate walk, about three and one half miles an hour. The distance from the westerly rail to the easterly rail of the two tracks was fourteen feet and four inches, and the electric car overhung the rail eighteen inches. When he arrived at the first or most westerly rail the electric car was more than two hundred feet away. The deceased paused, looked toward the car, raised his hand toward the car, and proceeded to cross the tracks about five or six feet north of the white post. A young man going in the same direction as the deceased passed him at the westerly rail, ran across the tracks in front of the approaching car without, as he testified, "much time to spare," stopped, and signalled for the car to stop at the white post where people were already waiting. But there was evidence that at the time of his signal the car was two hundred feet away. The car increased its speed from fifteen miles an hour to thirty miles an hour when about ninety feet from the white post. The deceased was

hit by the car as he was crossing the easterly rail.  The car did not stop until it had passed the white post.  Both the motorman and the deceased had a clear and wide view, except so far as the moderate illumination in the neighborhood may have failed to dispel the darkness of the evening.

There was ample evidence, not recited here, to warrant a conclusion that the deceased negligently crossed the path of the approaching car.  But the burden of proof was on the defendant to show that the deceased was not in the exercise of due care, and that issue, as well as the issue of the defendant's negligence, was for the jury.  They might find that the electric car was more than two hundred feet away and coming at a moderate speed when the deceased started across the tracks, and then, though signalled to stop, increased its speed and overran the white post after hitting the deceased when he had almost reached a place of safety.  *Thompson* v. *Boston Elevated Railway*, 227 Mass. 407.  *Grant* v. *Boston Elevated Railway*, 229 Mass. 219.  *Scherer* v. *Boston Elevated Railway*, 238 Mass. 367.  *Reardon* v. *Boston Elevated Railway*, 242 Mass. 383.  *McGrath* v. *Boston Elevated Railway*, 257 Mass. 541.  *Harding* v. *Boston Elevated Railway*, 265 Mass. 344.  *Joughin* v. *Federal Motor Transportation Co.* 279 Mass. 408.  The case does not fall within *Fitzpatrick* v. *Boston Elevated Railway*, 249 Mass. 140, or *Daignault* v. *Berkshire Street Railway*, 277 Mass. 227.

*Exceptions sustained.*
*Verdict returned by jury to stand.*
*Judgment for plaintiff on that verdict.*