Francis B. DeLodge *vs.* Boston Elevated Railway
Company.

Suffolk.   April 13, 1937. — May 23, 1938.

Present: Rugg, C.J., Field, Donahue, Lummus, & Qua, JJ.

*Negligence*, Contributory, In use of way.

Evidence of the circumstances in which a pedestrian crossed a street car
track while a street car, which he saw seventy-five feet distant as he
started over the first rail, was approaching slowly, did not require a
ruling that he was guilty of contributory negligence.

Tort.   Writ in the Superior Court dated March 19, 1932.

The verdict for the plaintiff recorded with leave reserved
before *M. Morton*, J., was in the sum of $15,000.

*O. A. Gallagher*, for the plaintiff.

*J. E. Hannigan*, for the defendant.

Donahue, J.   The plaintiff while proceeding, at night,
to cross Columbia Road from its easterly to its westerly
side, at its intersection with Quincy Street in the Dorchester
district of the city of Boston, was struck and injured by
a north bound trolley car of the defendant.   After a jury
had returned a verdict for the plaintiff, the trial judge
allowed a motion for the entry of a verdict for the defendant
under leave reserved, and reported the case to this court.
G. L. (Ter. Ed.) c. 231, § 111.

The following facts were not in dispute.   In the center
of Columbia Road there was a space twenty-five feet wide
reserved for the use of street railway cars and occupied by
two tracks of the defendant.   At the intersection with
Quincy Street, however, there was "a break in the 'reser-
vation,'" and a "paved crossing" one hundred and three
feet in length over which the tracks ran at the street grade.
This was a part of the public highway and might legally
be used by pedestrian and vehicular traffic.   On the reser-
vation near the northerly end of the paved crossing there
was a white pole where north bound cars of the defendant

stopped to receive or discharge passengers. From the easterly curb line of Columbia Road to the reservation was thirty-four feet. The intersection of the two streets was well lighted.

The evidence viewed in its aspects most favorable to the plaintiff is here summarized: While in the vicinity of the southeasterly corner of the intersection of the two streets he decided to cross Columbia Road. There were no defined cross walks. Quincy Street crosses Columbia Road diagonally, not at a right angle. The direct course of a person crossing from the southeasterly corner of the intersection to the northwesterly corner would be substantially at a right angle to the tracks. That course the plaintiff proceeded to take. Before actually starting and when at a point in line with the southeasterly curb of Columbia Road he looked toward the south, that is, to his left. There was no vehicular traffic coming from that direction. He saw the defendant's north bound trolley car approaching at a distance of about three hundred twenty-five feet. He could not estimate its speed but he saw that it was slowing down. The operator of the trolley car testified that at a distance of about three hundred feet from the intersection its speed was fifteen to twenty miles an hour and that, by the time the car reached the south end of the paved crossing, its speed had been reduced to five or six miles an hour.

Upon arriving at a point about three feet from the nearest rail of the north bound track and about twenty feet from the northerly end of the paved crossing at his right, the plaintiff stopped. He looked again to his left and saw that the car had arrived at the south end of the paved crossing, a distance from the plaintiff which could be found to be about eighty-five feet, and was moving at the rate of speed of about five miles an hour. The operator of the car, who was looking directly at the plaintiff, made a motion with his right hand and the plaintiff started to cross the tracks when the car was about seventy-five feet away. The distance between the two rails of the track was four feet and eight and one half inches. The plaintiff had crossed the center line of the track and was at or near the further rail

when he looked again to his left and saw the car three feet away. It "seemed to him it was going faster than the last time he saw it, 75 feet away." He jumped forward, and to the right, but the left front corner of the car hit him and he was rendered unconscious. The overhang of the car was less than two feet.

The operator of the car testified that no gong was rung by him, that no man passed in front of the car in the intersection or afterwards, that the car coasted through the intersection, at what rate of speed he was unable to remember, and stopped at the white post, discharged a passenger, started again and stopped again at a point sixty feet beyond the white post. The plaintiff was found between the rails underneath the back of the car, and there was blood on the track from the rear of the car to the white post.

The defendant does not here contend that the evidence did not warrant a finding that the operator of the trolley car was negligent. There was evidence to support such a finding.

It is not contended by the defendant that the plaintiff failed to exercise proper care while proceeding from the easterly curb of Columbia Road to a point in the vicinity of the outer rail of the first of the two tracks which he must cross. There he stopped. He glanced to his left to ascertain, before proceeding further, the position of the street car which, when he last saw it, was at a point over three hundred feet distant and slowing down. It had slowed down. It had come to the end of the reservation about eighty-five feet from where he stood, and its speed was about five miles an hour.

In determining whether he should then resume his crossing of the street, the plaintiff was justified in believing that while he was proceeding, in the well lighted intersection, from the curb to a point about three feet from the first rail of the track on which the car was approaching, and as he stood there, he was in plain view of the operator of the car. He had reason to believe that he was seen by the operator. In using the paved crossing which was not part of the reservation the plaintiff and the operator of the car

had the rights and the duties of travellers on the public highway. *Weir* v. *Boston Elevated Railway*, 283 Mass. 41, 42. The plaintiff had the right to rely to some extent on the operator of the car using reasonable care to avoid colliding with him while crossing the intersection. *Brereton* v. *Milford & Uxbridge Street Railway*, 223 Mass. 130, 133, and cases cited. *Chisholm* v. *Newton Street Railway*, 214 Mass. 281.

There was evidence justifying a finding that when the plaintiff resumed his passage over the intersection the car was distant about seventy-five feet and moving slowly. The plaintiff had to go less than ten feet to be entirely clear of the track and free of any danger from the approaching car, and the car would have to go seven times that distance to endanger the plaintiff while crossing the tracks. (See *Kane* v. *Boston Elevated Railway*, 218 Mass. 101, 104.) It cannot be ruled as matter of law that the plaintiff would be negligent in assuming that if the car continued at no greater rate of speed than five miles an hour, which would be less than eight feet a second, there was ample time for him to cross the ten feet between him and absolute safety.

The plaintiff almost crossed the track safely. When he saw the street car a few feet away he was at the second rail of the track and a step away from safety. That fact is entitled to be given consideration in determining whether a pedestrian was, as matter of law, negligent in assuming he had time to cross a track on which he saw a street car approaching. *Minihan* v. *Boston Elevated Railway*, 260 Mass. 490, 491. See also *Harding* v. *Boston Elevated Railway*, 265 Mass. 344, 346; *Kenney* v. *Boston Elevated Railway*, 282 Mass. 615; *Callahan* v. *Boston Elevated Railway*, 286 Mass. 223, 226; *Scherer* v. *Boston Elevated Railway*, 238 Mass. 367; *Breen* v. *Boston Elevated Railway*, 211 Mass. 519, 520.

The facts in *Daignault* v. *Berkshire Street Railway*, 277 Mass. 227, *Sullivan* v. *Boston Elevated Railway*, 283 Mass. 507, *O'Leary* v. *Boston Elevated Railway*, 289 Mass. 273, and other cases on which the defendant places reliance, differ in material respects from the facts in this case. We

think that on the evidence here it could not properly be ruled as matter of law that negligence of the plaintiff contributed to cause his injury. That was a question for the jury to decide.

The verdict of the jury is to stand subject to action by the trial judge on the pending motion for a new trial in so far as it alleges that the verdict was against the weight of the evidence or that the damages were excessive.

*So ordered.*