Henry C. DeAngelis, administrator, vs. Boston Elevated Railway Company.

Suffolk. November 8, 1939. — November 29, 1939.

Present: Field, C.J., Donahue, Lummus, Dolan, & Ronan, JJ.

*Negligence*, Contributory; Street railway: pedestrian.

Evidence merely that a pedestrian at night stepped off the curbing of a street when a street car was in sight approaching some distance away on the farther set of double tracks in the middle of the street, and was struck by the car, moving rapidly, as he stepped onto the second rail of that set of tracks, did not require a ruling that he was guilty of contributory negligence.

Negligence of the motorman of a street car could have been found on evidence that, operating at excessive speed at night, he took no steps until too late to avoid striking a pedestrian whom he had failed seasonably to observe crossing the tracks in plain sight.

Tort. Writ in the Superior Court dated July 22, 1935. The action was tried before *Greenhalge*, J.

*J. F. Dunn*, for the plaintiff.

*C. A. McCarron & J. F. Dolan*, for the defendant, submitted a brief.

Ronan, J. The decedent was struck and killed by a car of the defendant, at about one o'clock on a fair and clear summer morning in 1935, as he was crossing from the north to the south side of Bennington Street in East Boston. Bennington Street runs east and west and is thirty-four feet wide between the curbs. A double set of tracks is located in the center of the street. The judge, subject to an exception, directed a verdict for the defendant.

Considering the evidence, as we must, in the light most favorable to the plaintiff, there was testimony which would warrant a jury in finding the following facts. The decedent with two companions left a tavern located upon the northerly side of Bennington Street. After reaching the sidewalk they delayed no longer than to bid goodnight to each other. The decedent went out into the street, crossed

the first set of tracks, and was struck, as he stepped upon the last or most southerly rail of the second set of tracks, by a car travelling easterly at the rate of thirty miles an hour. The car stopped in about eighty feet. The place of the accident was in front of the tavern which the decedent had left, and was a little over twenty-four feet away from the curbing in front of this tavern. The street was straight for a considerable distance to the west, the direction from which the electric car came. There was no traffic other than the car in the vicinity of the scene of the accident.

The plaintiff was not bound by any evidence introduced by the defendant in reference to the movement and conduct of the decedent from the time he left the tavern until he was struck by the car. The jury could find that he crossed the street to go to his home on Havre Street, and that when he was struck he was only about eight feet from the corner of Bennington and Havre streets. The last stop of the electric car before the accident was at the corner of Bennington and Marion streets, which was about four hundred feet from the place of the accident. The car was in plain sight when the decedent left the tavern, and its location and speed at that time were for the jury. It was within the province of the jury to find that there was no credible evidence of the action of the decedent from the time he was seen, by two of the plaintiff's witnesses, at a point in the street three or four feet from the curb in front of the tavern until he was again seen on the most southerly rail four feet in front of the electric car. If the decedent formed a judgment that, under the circumstances, it was safe for him to cross the street in front of the approaching car, and he failed by but a few feet in doing so, we cannot say as matter of law that such a judgment, although mistaken, was also careless. He was crossing a public way in full view of the motorman, and he had the right to rely to a certain extent upon the expectation that the motorman would proceed with ordinary caution. Contributory negligence was an affirmative defence, and the jury, upon the evidence, were not required to find that this defence had

been proved. *McGrath* v. *Boston Elevated Railway*, 257 Mass. 541. *King* v. *Weitzman*, 267 Mass. 447. *Kenney* v. *Boston Elevated Railway*, 282 Mass. 615. *Callahan* v. *Boston Elevated Railway*, 286 Mass. 223. *Snow* v. *Nickerson, ante,* 63.

The jury could find that the motorman was operating the electric car at an excessive rate of speed, in violation of the rate prescribed by the ordinance of the city of Boston; that he failed seasonably to observe the decedent, who was within his field of vision from the time the decedent left the sidewalk in front of the tavern; and that he took no precautionary measures to avoid the accident until it was too late to do so. A slight checking of the speed might have enabled the decedent to travel a few feet to safety. There was testimony from the decedent's son, who was a passenger in the front of the car, that the car was proceeding at thirty miles an hour when the motorman uttered a loud exclamation, threw up his hands, and then applied the brakes, and that the decedent was then on the most southerly track, four feet in front of the car. The negligence of the motorman presented a question of fact which ought to have been submitted to the jury. *O'Toole* v. *Boston Elevated Railway*, 211 Mass. 517. *Breen* v. *Boston Elevated Railway*, 211 Mass. 519. *Tierney* v. *Boston Elevated Railway*, 216 Mass. 283. *Harding* v. *Boston Elevated Railway*, 265 Mass. 344. *DeLodge* v. *Boston Elevated Railway*, 300 Mass. 219.

In determining the correctness of the action of the judge in directing the verdict for the defendant, we can decide only whether the plaintiff introduced evidence sufficient to present an issue of fact for the consideration of the jury, even though the weight of the evidence in favor of the defendant might be so great as to lead the trial judge, upon the defendant's motion, to set aside a verdict for the plaintiff. *Clark* v. *Jenkins*, 162 Mass. 397. *Niland* v. *Boston Elevated Railway*, 208 Mass. 476. *Holton* v. *Boston Elevated Railway*, 303 Mass. 242.

*Exceptions sustained.*