ALICE M. STEVENS *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    October 21, 1924. — November 25, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Negligence,* Contributory, Street railway.

Where one, who has alighted on a public way from an electric street car, outbound from a city, has waited until the car just left has passed on and then proceeds to cross the way over the outbound and the inbound tracks of the street railway and is struck by an inbound car on the farther track, which had approached at a speed of from eight to ten miles an hour in his full sight, he cannot recover from the street railway company for injuries so received since negligence on his part must be found to have contributed to his injury.

TORT for personal injuries received when the plaintiff was struck by an inbound street car of the defendant as she was crossing Washington Street in that part of Boston called Brighton after having alighted from a car outbound from Boston.    Writ dated January 18, 1921.

In the Superior Court, the action was tried before *Raymond,* J.    Material evidence is described in the opinion.    At the close of the plaintiff's evidence, the judge ordered a verdict for the defendant and reported the action to this court for determination.

*A. M. Beale,* for the plaintiff.

*H. S. MacPherson,* for the defendant.

PIERCE, J.    This is an action of tort for personal injuries received by the plaintiff as the result of a collision with an electric car of the defendant.    At the close of the plaintiff's evidence, the presiding judge directed a verdict for the de-

fendant and reported the case for determination by this court.

The only question argued by plaintiff or defendant is, Was the trial judge right in directing a verdict for the defendant on the ground that, on the evidence, as matter of law the plaintiff was not in the exercise of due care at the time of the injury? In this regard the evidence in its aspect most favorable to the plaintiff would warrant a finding that on August 2, 1920, at 6:30 P.M., the plaintiff, on her way home from work, was a passenger on the first car of a two-car train of the defendant, which was proceeding along Washington Street, Brighton, near Oak Square, outbound to Newton from Boston; that she alighted at a regular stopping place of the defendant opposite the Oak Square car barn on the right-hand side of the street looking out from Boston; that she got out at the front end of the car, turned around and stood in the street facing the car, waited until the first car and trailer had gone by, and then, when the way was clear, crossed the street intending to go to a fruit store which was on the left-hand side of the street looking out from Boston; that while she waited to cross she followed with her eye her train as it passed, looked toward the inbound car tracks and did not see any inbound car; that while the train was going by she also looked toward Boston and saw that there were automobiles near and passing her; that she was familiar with the locality and could see in the direction of the coming car by Oak Square; that she then, looking " toward the left," without looking toward the right and the inbound car, walked, not hurriedly, across the intervening space between the place where she was standing and the outbound track, across the outbound track, across the space between the outbound track and the inbound track, across the inbound track, and was on the outer rail thereof when she was hit by the defendant's inbound car and " pushed along forward on her back " " between ten and fifteen feet." The evidence warranted the further finding that the inbound car was going about eight or ten miles an hour immediately preceding the collision, on a straight track from Oak Square to Oak Square car barn, as appears from a plan used at the trial.

The foregoing facts and the inferences to be drawn therefrom would not support a finding of due care on the part of the plaintiff. After she started to cross the car tracks, on her own testimony she did not look to see if any car was coming on the inbound track; her view was unobstructed; and, considering the rate of speed she walked, in connection with the speed of the approaching car, it is clear to a demonstration that the car was near at hand before she attempted to cross the inbound track; that it was in plain sight; and that the plaintiff assumed a foolhardy risk in attempting to cross the track in the light of the perfectly obvious dangers of such a venture. The evidence of the defendant's negligence is weak, but we do not find it necessary to determine whether it presented an issue for the jury. The case falls within the numerous decisions collected in *Will* v. *Boston Elevated Railway*, 247 Mass. 250.

The direction of a verdict for the defendant was right.

*Judgment for the defendant.*