## FRANCIS SULLIVAN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.     November 10, 1924. — January 9, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* In use of highway, Contributory, Street railway.

A boy twelve years of age, who, intending to board a street car approaching from his right on the farther of double tracks in a street in front of his house, hastens across the street toward a white post at which the car would stop at his signal, but is unable to get across the farther track before the car passes in front of him, and, giving up his attempt to stop it because he could not get the motorman's attention, turns around to return, when he is struck by a street car which, in plain view, had been approaching on the other track from his left but which he had not seen because his attention was fixed on the first car, even though he testifies that, although listening, he did not hear anything of the second car "in the way of any alarm, gong or anything of that kind," cannot recover in an action against the company operating the car which struck him, both because as a matter of law he cannot be found to have been in the exercise of due care and a finding of negligence in the operation of the colliding car is not warranted.

TORT for personal injuries received by the plaintiff when he was run into by a street car operated by the defendant as he was crossing Bowdoin Street in that part of Boston called Dorchester.   Writ dated December 15, 1920.

In the Superior Court, the action was tried before *J. F. Brown,* J.   Material evidence is described in the opinion. The jury found for the plaintiff in the sum of $800.   Before the verdict was received and recorded, the trial judge reserved leave to order a verdict for the defendant and, on the recording of the finding, ordered a verdict for the defendant and reported the action to this court for determination.

*S. C. Brackett,* for the plaintiff.

*H. F. Hathaway,* for the defendant.

PIERCE, J.   This is an action of tort for personal injuries received by a minor pedestrian, twelve years of age, by reason of a collision with a car of the defendant while the plaintiff was crossing Bowdoin Street in the Dorchester sec-

tion of Boston. At the conclusion of all the evidence, the plaintiff waived the second and third counts of the declaration, and the defendant moved that the trial judge direct a verdict for the defendant. The judge refused to grant the motion and submitted the case to the jury, reserving leave to direct a verdict for the defendant. The jury found for the plaintiff. The judge directed a verdict for the defendant and reported the case to this court, in the following terms: " If the order directing a verdict for the defendant was right, judgment is to be entered for the defendant on that verdict. If that order was wrong, then judgment is to be entered for the plaintiff in the sum of $800."

Bowdoin Street runs practically northeast and southwest, and is forty feet wide excluding sidewalks. In the middle of this street were double tracks of the defendant's railway, the outbound track being nearer the northerly side of the street, where the plaintiff's home was located at No. 176. Bowdoin Street is nearly straight for a distance of one thousand or twelve hundred feet, with a grade of three feet in the hundred as it passes the plaintiff's house, the outbound car going down hill and the inbound car travelling up grade. The house where the plaintiff lived is two hundred and fifty feet east of Geneva Avenue and two hundred and seventy-five feet west of Topliff Street, which enters Bowdoin Street on the south but does not cross it. Shepard Street is adjacent to 176 Bowdoin Street and enters but does not cross that street. Opposite Shepard Street on the southerly side of Bowdoin Street is an old-fashioned house. To the east, on the southerly side of the street, is a garage and near the sidewalk in front of the garage is a white post, which is the first stop for an east bound car after leaving Geneva Avenue. Opposite the white post, at Dever Street, is another white post stop on the northerly side of Bowdoin Street and sixty feet east of a point in the sidewalk directly in front of 176 Bowdoin Street. The white post near the garage, the dwelling house opposite Shepard Street, and a point in the sidewalk opposite the entrance to 176 Bowdoin Street, with lines connecting them, form an equilateral triangle with sides eighty feet in length.

The plaintiff came out of his house, desiring to take the inbound car at the white post near the garage, where it should stop. The car was then at Geneva Avenue; " he looked around and waved to his mother; the car had already started going then; when he looked around again to see the car he saw that it had started up and seemed to go faster, and then when he went to go across the street the car had started and put on a little more speed, was up to about one hundred and ten feet of him when he started across the street, and when he got a little way from the sidewalk the car was right near him, the car was then at the three-family house right across from him in a diagonal course from his house, and then he looked and then the car had come up; he went to go over to the sidewalk, over to the white post and the car had come up and he saw that he could not make it and then he stopped still and the car, the front part of the car, vestibule of the car, was just coming opposite him and he looked into the vestibule and he saw that the motorman was not looking at him at all, he was fixing something; he saw that he could not make the car, he could not get the motorman's attention, and he looked around, turned right around to go to the back and he took two or three steps and then he was hit by the [outbound] car." More specifically the plaintiff testified that " he walked until he got to the edge of the sidewalk and then he started to trot in order to get his car, because he did not dare to trust himself to walk any longer for he was afraid to lose his car, so he started to run and he ran from the edge of the sidewalk out on to the street to catch that car; he did not see the outbound car then when he started to run across the street, he had his attention on the other car; he had his attention on getting the car inbound; he did not look for the outbound car then and he did not see that outbound car until it struck him and he did not know that that outbound car was on the street until he was struck." He further testified that " he ran across the outbound track and all the time he was running toward the white post, his attention was on the inbound car; the reason he did not see the outbound car was because his attention was directed to the inbound car." He further testified that he " did not hear

anything in the way of any alarm, gong or anything of that kind, he was listening."

No evidence was offered by the plaintiff regarding the speed of the outbound car before it reached the place of the collision; while the evidence of witnesses for the defendant, if believed, warranted a finding that the outbound car stopped at the white post at Dever Street, and after starting had travelled no more than thirty-five feet from a state of rest when the front of the car came in contact with the plaintiff's body, where it stopped within two feet.

Upon the foregoing evidence it is plain the plaintiff exercised no care for his safety whatsoever as against the perils of the outcoming car. It is obvious the outcoming car was in plain view from the time the plaintiff ran from the sidewalk until he attempted to turn back and away from the path of the inbound car, and in doing so crossed upon the track of the outbound car. *Stevens* v. *Boston Elevated Railway*, 250 Mass. 288. *Fitzpatrick* v. *Boston Elevated Railway*, 249 Mass. 140. It is equally obvious that there is no evidence to warrant a finding that there was negligence in the operation of the colliding car or in the failure of the motorman of that car to observe the situation of the plaintiff and his peril. It follows in accordance with the terms of the report that judgment is to be entered for the defendant on the verdict: and it is

*So ordered.*