RICHARD TOBIN *vs.* NAHANT AND LYNN STREET RAILWAY COMPANY.

CHARLES REARDON *vs.* SAME.

Essex.    March 22, 1927. — July 1, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Contributory, In use of highway.

Two pedestrians upon a street thirty-three feet eight inches wide, having double street car tracks, started to cross the street when they saw a car sixty to seventy yards distant approaching on the further tracks. When they reached the first rail, which was eight feet eight inches from the nearer rail of the track on which the car was approaching, the car was distant fifteen or twenty yards. They continued on their way, hurrying, saw their danger, and one gave the other a push and was struck by the car. Both were injured. *Held,* that a finding that they were guilty of contributory negligence was necessary and neither could maintain an action against the street railway company.

Two ACTIONS OF TORT for personal injuries received when the plaintiffs in crossing a street were struck by a street car of the defendant. Writs dated June 19, 1923.

In the Superior Court, the actions were tried together before *Quinn,* J. Material evidence is stated in the opinion. There were verdicts for the plaintiffs in the sum of $1,213 and

$23, respectively, and the judge reported the actions to this court for determination on the terms stated in the opinion.

The cases were submitted on briefs.

E. C. Jacobs, E. J. Coughlin, & W. J. Landergan, for the plaintiffs.

H. R. Mayo & E. J. Garity, for the defendant.

PIERCE, J.   These actions of tort to recover for personal injuries, received by the plaintiffs when struck by a car of the defendant as they were crossing a public street, were tried together to a jury in the Superior Court.   At the conclusion of the evidence the defendant requested that a verdict be directed for the defendant in each case.   The motion was denied and the cases were submitted to the jury, which returned a verdict for each plaintiff.   The cases are reported to this court at the request of the parties upon the following terms: "If either case should be submitted to the jury, then final judgment is to be rendered for the plaintiff in such case in acordance with the verdicts returned by the jury therein; and if verdict for the defendant should be ordered in either case, then final judgment is to be rendered for the defendant in such case."   All the testimony material to the cases is reported.

The facts favorable to the contention of the plaintiffs and warranted by the testimony, succinctly stated, are in substance as follows: On Sunday afternoon, May 7, 1923, the plaintiffs met in the central part of Lynn, and walked together on the left hand side of Washington Street in the direction of Lynn Beach until they reached the corner of Amity Street, where they determined to cross to the right hand side of Washington Street.   At this point Washington Street is thirty-three feet eight inches wide from curb to curb, and has a double car track.   The distance of the nearest rail from the curb where the plaintiffs stood is nine feet six inches, and from the farthest rail from them to the further curbstone is nine feet, eight inches.   "The space between each rail of a set of rails is four feet, four inches, and the space between the two sets is about the same."   The plaintiffs started to cross and then stopped at the curb to await the passing of an automobile which had approached

on their left going toward Lynn. While delayed by the passing automobile they looked to their right and saw a car of the defendant which was from sixty to seventy yards away from Amity Street and going in the direction of Lynn Beach. Thinking they had plenty of time and not looking at the oncoming car again, they started directly to cross the street, Reardon on the left hand side of Tobin. From the time they left the curb until Tobin was struck by the car there was nothing between him and the car. He knew, and Reardon knew, the car was there and was coming, and no bell could have shown that fact any plainer than their own eyesight. When they reached the first rail as they walked from the sidewalk they saw the car "coming right along" and distant from the place where they were "fifteen" or "twenty yards." Tobin testified, "I saw it was getting close . . . I hurried my best, that is all." After seeing the coming car they walked straight across the rest of the first track, the space between the two tracks, and in front of the car. Tobin gave Reardon a push, and was struck by the right hand front corner of the car; that is, they had got by the middle of the car when Tobin gave Reardon the "shove."

The plaintiffs were in a place of safety so long as they were between the rails of the first track when they saw the car twenty yards away, or were within the space between the incoming and outgoing tracks. The view of the oncoming car was unobstructed from the time the plaintiffs left the sidewalk until they attempted to cross the outgoing track, and it was possible to estimate the speed of the car. In the circumstances disclosed in the testimony of the plaintiffs, it was a foolhardy risk to attempt to cross the track in the face of the obvious danger of such a venture, and as matter of law was negligence. It is not necessary to determine whether there was evidence of the defendant's negligence sufficient to require a submission of that issue to the jury. A verdict should have been directed for the defendant in each case. *Stevens* v. *Boston Elevated Railway*, 250 Mass. 288. *Sullivan* v. *Boston Elevated Railway*, 250 Mass. 476, 479.

In accordance with the terms of the report, in each case the entry must be

*Judgment for the defendant.*