ALICE DAIGNAULT *vs.* BERKSHIRE STREET RAILWAY COMPANY.

ARTHUR DAIGNAULT *vs.* SAME.

ARTHUR DAIGNAULT, administrator, *vs.* SAME.

Berkshire.   September 15, 1931. — December 1, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Negligence,* Contributory, Of person in charge of child, Imputed.

At the trial together of three actions of tort against a street railway company for personal injuries sustained by a father and two children, respectively three and one half and four and one half years of age, when they were run into by an electric street car of the defendant, it appeared that the accident happened in daylight, when the weather was clear, on a highway where at the time there was no traffic and nothing to distract or to confuse the father; and there was evidence that the father and his children had been visiting at a house where they often had been before and were standing on steps seventeen and one half feet from the nearer rail of the street railway when he saw the street car approaching from his right and started with the children toward the railway; that it was necessary to cross the track in order to board the car from the farther side; that the last time the father looked at the car was when he was half way toward the track, at which time he saw the car about one hundred sixty-five feet away;

that he kept "on walking down the path, over the rail, going onto the highway"; that as he was stepping over the nearer rail the trolley car hit them; that no whistle was sounded, but he could hear the noise of the approaching car and heard it all the time; and that when he last looked the car was in full view. There were verdicts for the plaintiffs. On exceptions by the defendant, it was *held*, that

(1) As matter of law the plaintiff father failed to exercise due care for the safety of himself and his children;

(2) The negligence of the father was to be imputed to the children.

(3) Judgments were ordered for the defendant.

THREE ACTIONS OF TORT for personal injuries, described in the opinion. Writs dated April 18, 1927.

In the Superior Court, the actions were tried together before *W. A. Burns*, J. Material evidence is stated in the opinion. At the close of the evidence, the defendant moved that verdicts be ordered in its favor. The motions were denied. There were verdicts for the plaintiffs, respectively, in the sums of $10,000, $1,573 and $3,100. The defendant alleged exceptions.

*C. H. Wright*, (*W. J. Donovan* with him,) for the defendant.

*E. K. McPeck*, (*P. J. Ashe & F. W. Cassidy* with him,) for the plaintiffs.

CROSBY, J. These are three actions of tort to recover for personal injuries received on July 15, 1926, as the result of a collision of the plaintiffs with an electric car of the defendant on Massachusetts Avenue, in North Adams. Arthur Daignault will hereafter be referred to as the plaintiff.

On the day in question the plaintiff, accompanied by his two children, Alice, then about three and one half years of age, and Francis, then about four and one half years of age, had paid a visit to his mother who lived with his brother at number 1665 Massachusetts Avenue, which is located on the northerly side of the highway. The plaintiff testified that he started with the children to leave for his home in Adams at 7:40 P.M. and was on the piazza of his brother's house with the children where he remained five or six minutes; that when he saw the car he intended to take coming from the west around the curve at the top of the hill he started down the steps, holding each child by the

hand.  A path from the steps led down to the street railway track, which was located on the extreme northerly side of the street, and it was necessary for him to cross the track in order to board the car.  From the steps to the nearer or northerly rail of the track was seventeen feet and six inches. The plaintiff testified that when he was half way down the path he saw the car a second time; that it was then near a white pole marked (1) on the plan.  There was evidence that this pole was located one hundred sixty-five feet and six inches from the piazza.  The plaintiff further testified that after he saw the car at this time he "Kept on walking down the path, over the rail, going onto the highway"; that he had plenty of time to cross the track to go to the post; that as he was stepping over the northerly rail the trolley car hit him; that no whistle was sounded, but he could hear the noise of the approaching car and heard it all the time; and that when he last looked the car was in full view of him.  The highest rate of speed of the car as shown by the evidence from the time it was first seen until it reached the place of the accident was twenty miles an hour, and it was brought to a full stop in about two car lengths from the place where the collision occurred.

The undisputed evidence showed that when the accident occurred it was daylight and the weather was clear; that there was no traffic on the highway at the time and place of the accident; that there was nothing to distract or confuse the plaintiff as he approached the track on which the car was coming, and that at that time his hearing and eyesight were normal.  Before the accident he had often visited his brother at the same house, during the seven years his brother had lived there, and always went there by the electric cars.  Upon the plaintiff's testimony he was half way down the path, when he last looked in the direction of the approaching car — at that time about one hundred sixty-five feet away. It thus appears that at that time he was within eight or nine feet of the northerly rail.  He "kept on going" until he stepped over the northerly rail and was instantly struck by the left hand corner of the car.  In these circumstances it must be held as matter of law that he failed to exercise

any care for the safety of himself or of his children. *Casey* v. *Boston Elevated Railway*, 197 Mass. 440. *Adams* v. *Boston Elevated Railway*, 219 Mass. 515. *O'Callaghan* v. *Boston Elevated Railway*, 249 Mass. 43. *Tobin* v. *Nahant & Lynn Street Railway*, 260 Mass. 512.

In view of the ages of the minor children it is plain that they were bound by the conduct of their father and the trial judge so ruled. If, as the plaintiff testified, no whistle was sounded by the operator of the car, such failure was immaterial as he knew the car was approaching and was in plain sight from the time he last saw it until he was struck. *Welsh* v. *Concord, Maynard & Hudson Street Railway*, 223 Mass. 184, 186. *Tobin* v. *Nahant & Lynn Street Railway*, 260 Mass. 512, 514.

As the plaintiffs are precluded from recovery because of contributory negligence on the part of Arthur Daignault the defendant's exception to the refusal of the judge to direct a verdict in its favor in each case must be sustained. The other exceptions saved by the defendant need not be considered.

In each case the entry must be

*Exceptions sustained.*

*Judgment for the defendant.*