ELIZABETH SULLIVAN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

CHARLES SULLIVAN *vs.* SAME.

Suffolk.   May 16, 1933. — June 29, 1933.

Present: PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Negligence,* Contributory, In use of way.

On undisputed evidence for the plaintiff at the trial of an action for personal injuries against a street railway company, showing that the plaintiff, when he started to cross a street about fifty-five feet wide with two sets of the defendant's car tracks in its center, and again when he had reached the first rail, looked and saw a street car approaching on the further tracks some distance away to his right at an ordinary rate of speed; and then, without looking again, crossed the second rail to the third rail and put his foot over the third rail at a time when the car was within twenty feet of him and travelling at twenty-five miles an hour; and then stepped back when the car was

five feet away and was struck by it, it was *held,* that the plaintiff was guilty of contributory negligence as a matter of law and could not recover.

TWO ACTIONS OF TORT. Writs in the District Court of Chelsea dated, respectively, October 29, 1931, and October 30, 1931.

Upon removal to the Superior Court, the actions were tried together before *Greenhalge,* J. Material evidence is stated in the opinion. The judge denied a motion by the defendant in each action that a verdict be ordered in its favor. Subject to leave reserved under G. L. (Ter. Ed.) c. 231, § 120, there were recorded verdicts for the plaintiffs in the sums, respectively, of $2,500 and $100. The defendant alleged exceptions in each action.

*R. L. Mapplebeck,* for the defendant.

*G. Gruzen,* for the plaintiffs.

PIERCE, J. These are two actions of tort, the first brought to recover damages for personal injuries resulting from an accident which occurred shortly after nine o'clock in the evening of August 3, 1931, on Main Street, between Auburn and Oak streets, in that part of Boston called Charlestown. The second action was brought by the husband of the plaintiff in the first case to recover for loss of services and for money expended by him in an effort to cure his wife. Whenever the word plaintiff is used it will indicate the plaintiff in the first action. The bill of exceptions contains all the evidence material to the defendant's exceptions. At the argument before this court the defendant conceded the negligence of its motorman. The actions were tried in the Superior Court to a jury. At the close of the evidence the defendant duly filed a motion that the court instruct the jury to return a verdict in its favor in each of the cases, and to the court's refusal so to do the defendant duly excepted. In view of the defendant's admission of the negligence of its motorman, we shall consider the exceptions on that footing and determine whether the motion should have been granted for the reason that as matter of law the plaintiff was not in the exercise of due care.

The facts are in substance as follows: Main Street in the vicinity of the place of the accident is perfectly straight for a distance of at least two hundred yards in either direction, and approximately fifty-five feet wide from curb to curb, with two car tracks in the center, and runs substantially north and south. The car tracks are of standard gauge, the rails being four feet eight and one half inches apart, with a space of five feet between the two tracks. Just outside the car rails are square iron pillars supporting a structure on which the overhead elevated trains run. These pillars are fifty-three feet nine inches apart. They are thirty-four inches square at the base, fifteen inches square above the base and set out from the track three feet seven inches. On the evening in question the plaintiff left her house at 344 Main Street (on the westerly side of the street) and crossed the street to a delicatessen store to make some purchases. There was a sort of misty rain and it had been raining for a long time before that, so the street was somewhat muddy. After leaving the store she walked to the edge of the curb on the easterly side of Main Street and looked to her left and to her right. There was no traffic of any kind coming from her left, but on the right she saw a street car coming from the direction of Sullivan Square or from the north. The car at that time was at a point somewhere between Hamilton Court or Baldwin Street and Albion Place, a distance of four hundred eighty feet according to a plan introduced in evidence, but at a distance estimated by the plaintiff to be about three hundred feet. She did not think the car was coming very fast and thought she had plenty of time to cross the street. She continued on without hesitating, except to sidestep some puddles in the street, until she came to the first rail of the north bound track, when she looked to her right for the second time. Then she came to a stop there and saw the car was about half way between Albion Place and Auburn Street, a distance of about two hundred eighty feet but estimated by her as being one hundred fifty feet. She testified that "the car was just coming then ordinary"; that "she didn't see it come fast at all"; that "it wasn't coming fast, but

the same as it would ordinarily come"; that "she walked out just the same as she always walked," and crossed over the second rail to the third rail; that she "had her ears open thinking that if the car would be coming she would hear the bell ring so that it would give her plenty of time"; that "she didn't look after that"; that she got her foot over the third rail "when there was a rattle overhead on the railroad"; that she stepped back and the car was about five feet from her, and she was struck by the front of the car.

All the evidence for the plaintiff tended to show that when the plaintiff put her foot over the third rail the car was within twenty feet of her and travelling at the rate of twenty-five miles an hour. There is no testimony in the record to warrant the statement in the plaintiff's brief that passengers in the car testified that as it was going along Main Street, it was going between six and seven miles an hour. Nor are there any facts in the record to support the plaintiff's contention that the speed of the car was increased after the plaintiff left the curb or after she left the first rail where she stopped and looked at the oncoming car. On the evidence it is plain the plaintiff must have seen, had she looked immediately before putting her foot over the third rail, that the car was almost at the point of her passing (twenty feet or less distant), and that she could not cross in front of the oncoming car without imminent peril of life.

Upon the undisputed evidence for the plaintiff we think she was not in the exercise of due care when injured and that the verdict should have been directed for the defendant. *Daignault* v. *Berkshire Street Railway*, 277 Mass. 227. *Tobin* v. *Nahant & Lynn Street Railway*, 260 Mass. 512.

The exceptions of the defendant are sustained and judgment is to be entered for the defendant in each case.

*So ordered.*