MARCEL B. LEDOUX *vs.* JOHN PERRY.

Bristol.    October 23, 1933. — November 6, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Practice, Civil*, Requests, rulings and instructions.

It is not error for a judge presiding at a trial where the evidence is conflicting to refuse to give instructions to the jury relating to a fragment of the evidence, especially where the judge's charge is full and accurate and amply explains the relevant law.

TORT.    Writ dated April 21, 1928.

In the Superior Court, the action was tried before *Walsh*, J.    Material evidence is stated in the opinion.    There was a verdict for the defendant.    The plaintiff alleged exceptions.

*A. E. Seagrave,* (*J. R. Crispo* with him,) for the plaintiff.

*H. F. Hathaway,* (*E. A. Hathaway* with him,) for the defendant.

RUGG, C.J.    This is an action of tort to recover compensation for personal injuries arising out of the collision between a truck and a motor cycle on a public way.    The collision occurred at an intersecting street.    The plaintiff

was driving easterly and the defendant westerly. The two vehicles were approaching an intersecting way. The defendant turned to the left to enter the intersecting street, and while crossing the lane on which the plaintiff was travelling the two vehicles came into collision. Evidence was offered by the plaintiff that the defendant, when the motor vehicles were in close proximity, made a quick left turn and that he failed to go to the right of the intersection of the two ways. The defendant testified that, seeing the motor cycle one hundred feet away, he thought that there was no danger for himself in making the turn but there might be for the plaintiff.

At the close of the evidence the plaintiff asked for this instruction: "If the defendant foresaw that the manner in which he was driving a motor truck at the time of the alleged collision would endanger the safety of the plaintiff, and nevertheless continued to drive in such a manner and the plaintiff was thereby injured, then the defendant was negligent." Full and accurate instructions were given as to the obligation resting both upon the plaintiff and upon the defendant in making a turn at intersecting streets, and the law was amply explained. No exception was taken to the charge. The request of the plaintiff which was refused related to a fragment of the evidence. The judge could not be required to select it for special comment. There was no error in its denial. *Ayers* v. *Ratshesky*, 213 Mass. 589, 593. *Claffey* v. *Fenelon*, 263 Mass. 427, 432. *Bruce* v. *Johnson*, 277 Mass. 273, 275. *Barnes* v. *Berkshire Street Railway*, 281 Mass. 47.

*Exceptions overruled.*