DENIS A. CALLAHAN, administrator, *vs.* BOSTON ELEVATED
RAILWAY COMPANY.

Suffolk.   April 3, 1934. — April 7, 1934.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence*, Contributory, In use of way.  *Practice, Civil,* Requests, rulings and instructions.

At the trial of an action of tort by an administrator against a street railway company to recover for conscious suffering and the death of his intestate, a woman, who was struck by a street car of the defendant as she was crossing a street under an elevated structure, there was evidence that the place of the accident was quite dark; that the intestate, before leaving the sidewalk and again when she had reached the third rail of double tracks of the defendant, looked up and down the street; that while crossing she saw the car approaching from her right and saw that it began to go slower, so that she thought the motorman had seen her and she had time to get across; that thereafter the car began to go faster; that she was near the third rail when

the car was from fifty to eighty feet from her; that she was struck by the right front of the car which then was going at the rate of twenty-five miles per hour; that the gong on the car was not sounded; and that, if she had taken another step, she would have been clear of the car. *Held*, that the question, whether the intestate was guilty of contributory negligence, was for the jury.

There is no error at a trial in refusing to grant requests for rulings which assume as proved facts which are in dispute upon all the evidence.

TORT. Writ dated February 12, 1929.

In the Superior Court, the action was tried before *Broad-hurst*, J. Material evidence is stated in the opinion. At the close of the evidence, the judge denied a motion by the defendant that a verdict be ordered in its favor.

The defendant requested the following rulings:

"3. The evidence proves that when the intestate stepped from outside the inward track to the inside of that track the street car was necessarily so dangerously close and approaching with such speed, that upon any view of the evidence the conduct of the intestate was manifestly dangerous."

"8. If the intestate relied upon the operator to bring his car to stop at all events, (a) she is not in the exercise of due care; (b) she is guilty of contributory negligence.

"9. There is no evidence that the operator in fact saw the intestate in time, or that he gave her any encouragement to cross, or that she gave him any signal that she intended to cross.

"10a. If the intestate knew, or by due care for her own safety might have known where the car was when she stepped on to the track, the plaintiff cannot recover.

"10b. Upon the undisputed evidence the inbound car was moving and in dangerous proximity to the intestate when she stepped onto the inbound track."

The rulings were refused.

There were verdicts for the plaintiff upon the various counts of the declaration in the aggregate sum of $10,200. The judge reported the action for determination by this court.

*J. E. Hannigan*, for the defendant.

*F. J. Monahan*, for the plaintiff.

RUGG, C.J.  This is an action of tort to recover compensation for the conscious suffering and death of the plaintiff's intestate alleged to have been caused by the negligence of the defendant.  At the argument in this court the defendant conceded that there was evidence of the negligence of its motorman.  The questions to be considered relate to the contributory negligence of the intestate, and the denial of certain requests for rulings.

It was not in dispute that the intestate while a pedestrian was injured by reason of a collision with a car of the defendant; that the accident happened between six and seven o'clock on a January night on Washington Street, Roxbury, beneath the elevated railway structure; that there were no other vehicles in the vicinity; that there was no street crossing or white post near the place of the accident and that the intestate died the next morning as a result of her injuries.  In the street there were outbound and inbound tracks of the defendant, and although there were arc lights in the neighborhood the place was described by some witnesses as quite dark, and some of the stores in the neighborhood were dimly lighted and some not lighted at all.  There was testimony tending to show that the intestate left the sidewalk to cross Washington Street; that, when she was about in the center of the street and had crossed two of the four rails, the car of the defendant, approaching from her right, was fifty or sixty feet, or possibly seventy-five to eighty feet, away from her; that she was then near the third rail; that if she had taken another step she would have crossed the fourth rail and would have been entirely clear of the pathway of the car; that before leaving the sidewalk and when she started to cross the third rail she looked up and down the street; that the car shortly after began to go faster and at the time it hit the intestate was travelling twenty-five miles per hour; that she was struck by the right front of the car and that no gong was sounded; that the car was lighted and the headlight was on; that the car went twenty to twenty-five feet after the brakes were applied; that she was dragged some distance, and when the car stopped she was across the fourth rail and

her head and upper body were outside that rail. A declaration of the intestate made after the accident was introduced to the effect that she was going across the street; that she looked up and down the street and saw the car, and saw that it started to slow down so that she thought the motorman had seen her and she had time to get across; that she looked again in the other direction and as she turned back again she saw the car coming fast; that it struck her when she was one foot away from the fourth rail.

There was much evidence tending to show negligence on the part of the intestate contributing to her injury; but we are of opinion that a verdict could not rightly have been directed in favor of the defendant on that ground. Whether the intestate was guilty of contributory negligence was a question of fact. There is some support in the evidence for a finding that the burden of proof resting on the defendant to prove this was not sustained. The case is very close to the line. It is distinguishable from *Daignault* v. *Berkshire Street Railway*, 277 Mass. 227, and cases there cited. It is distinguishable also from *Sullivan* v. *Boston Elevated Railway*, 283 Mass. 507, in that in the latter case the plaintiff was injured by getting into the pathway of the car by a single step while in the case at bar another step would have taken her to a place of safety. *Jeddrey* v. *Boston & Northern Street Railway*, 198 Mass. 232. *Lunderkin* v. *Boston Elevated Railway*, 211 Mass. 144. *McBride* v. *Middlesex & Boston Street Railway*, 276 Mass. 29, 34.

There was no error of law in the denial of the defendant's requests for instructions. The third to the effect that when the intestate stepped between the third and fourth rails the car was so near and moving at such speed as to be manifestly dangerous was properly refused. It assumed as proved facts disputable upon all the evidence. The statement of the intestate that she thought that the motorman had seen her and was diminishing the speed of the car rendered it impossible to give this request. The eighth request also was rightly refused for the same reason. *Morrison* v. *Holder*, 214 Mass. 366, 370. *Anti* v. *Boston Elevated Railway*, 247 Mass. 1, 7. The other requests were

also rightly refused as singling out specific facts for special treatment in the charge. *Mahoney* v. *Boston Elevated Railway,* 271 Mass. 274, 277. *Jenkins* v. *North Shore Dye House, Inc.* 277 Mass. 440, 444. *Ledoux* v. *Perry,* 284 Mass. 365, and cases cited. The request as to the conduct of the motorman also could not have been required as matter of law. While the charge well might have been more full respecting culpability of the motorman, it was not incorrect, and no exception was taken to the charge as given. *Porter* v. *Sorell,* 280 Mass. 457.

In accordance with the terms of the report the entry must be

*Judgment on the verdict.*