No. 2915 · Northern Suffolk, ss.

LEMBO (Newman & Newman)
v. SANGERMENO (Casey & Casey)

From the District Court of Chelsea—Walsworth, J.

Argued May 26, 1941—Opinion Filed July 7, 1941

SULLIVAN, J. (Jones, P.J., & Pettingell, J.)—The plaintiff sues to recover for personal injuries received by him in an automobile collision. It is admitted that the defendant was driving an automobile in a funeral procession which was passing through the traffic light at an intersection. Before the entire funeral procession had passed, the lights changed, but that part of the procession which had not passed before the light changed still continued to pass, although the light was against it. The trial judge found as fact that the plaintiff "attempted to break through a funeral procession in which at least alternate cars were marked and in which there were spaces but not enough to justify the attempt of the plaintiff even though the light had turned to green."

The trial judge denied four requests for rulings filed by the plaintiff. At the oral argument the plaintiff stated that he relied for prejudicial error on the denial of the following request: "6. The defendant violated the law in proceeding against a red light even though he may have been part of a funeral procession," and the granting of the defendant's re

quest that "The evidence warrants a finding that the plaintiff violated G. L. c. 272, s. 42, and said violation of law was a contributory cause to this accident and bars the plaintiff of recovery."

The plaintiff has argued strenuously that the defendant was negligent in passing through the traffic light after it became red. The defendant has as strenuously argued that a funeral procession, once started through a traffic light, has a right to continue passing even though the lights change. He points out that G. L. c. 85, s. 14A gives to a funeral procession "of not more than ten vehicles" the same right to use a public way that pleasure vehicles have, and contends that the unit therein granted the right is the "funeral procession," not the individual cars. According to his contention, a funeral procession, having the right to pass through traffic lights, may continue so to pass, until all the cars are through regardless of any subsequent changes of the lights. It is to be noted that the right given under the statute in particular is limited to a procession "of not more than ten vehicles." There is no finding in the case at bar which establishes the number of vehicles in the procession of which the defendant was a part.

But whether or not the defendant was negligent in proceeding against the light and irrespective of whether the trial judge was in error in denying the plaintiff's sixth requested ruling, which deals with the defendant's negligence, the plaintiff cannot recover if he himself was not in the exercise of due care.

The picture presented by the finding of fact made by the trial judge, that the plaintiff "attempted to break through" the funeral procession when he was not justified in making such an attempt, is not only that of an impatient, overzealous driver, trying to edge his way into oncoming traffic and force a path through at the risk of a collision, but is also that of a driver lacking in respect for a funeral procession and willing to disrupt and disorganize it in order to avoid being delayed by it.

As far as the first aspect of the plaintiff's conduct is concerned, it has always been held that one who goes "into the path of an obvious danger, voluntarily and not under any constraint for instant action," does not exercise due care. *Will* v. *Boston Elevated R'y Co.* 247 Mass. 250. *Stevens* v. *Boston Elevated R'y Co.* 250 Mass. 288. *Wade* v. *Buchanan,* Mass. Adv. Sh. (1940) 1069 (25 BTL 70).

In the other aspect of the case, the trial judge gave the defendant's third requested ruling, that the evidence warrants a finding that the plaintiff violated G. L. c. 272, s. 42 which prohibits the disturbing of a funeral procession "by fast driving or otherwise." The evidence warranted such a finding of fact. The plaintiff has raised the issue that such a disturbance must be "wilful" to be within the scope of the statute. We find here present every element necessary to constitute wilfulness. "The word 'wilful' . . . means nothing more than intentional," *McChristal* v. *Clisbee,* 190 Mass. 120. An act that is both in-

tentional and unreasonable is "wilful." *Vermilye* v. *Postal Telegraph Cable Co.* 205 Mass. 598. The plaintiff's act in attempting to break through a funeral procession without any justification was clearly "intentional" and "unreasonable." His violation of the statute was evidence of negligence and therefore of contributory negligence. The general finding for the defendant imports not only a finding that the plaintiff was contributorily negligent, but as well a finding that the violation of the statute was a direct contributory cause of the plaintiff's injury. *MacLean* v. *Neipris,* 304 Mass. 237, at 240.

We are of the opinion that the plaintiff's act in attempting to break through the procession was the direct cause of his injury, and that his contributory negligence bars his recovery.

The report is to be dismissed.