SAIMA WOODWARD *vs.* LEONARD J. CITY.

Hampden.    November 25, 1947. — January 2, 1948.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Negligence*, Contributory, Use of way.

No error appeared in an instruction to the jury that the plaintiff, a pedestrian struck by an automobile while crossing a street, was guilty of contributory negligence as matter of law if, after observing, from a place of safety, the automobile thirty-four feet away approaching him at thirty miles an hour, he left that place and walked into the path of the automobile.

TORT. Writ in the Superior Court dated September 19, 1945.

The case was tried before *Forte*, J.

In this court the case was submitted on briefs.

*J. E. Kerigan*, for the plaintiff.

*J. D. Ross*, for the defendant.

WILKINS, J. In this action of tort by a pedestrian who was hurt by the defendant's automobile, the jury returned a verdict for the defendant. The plaintiff's only exception is to a portion of the charge.

Certain facts were undisputed. On June 17, 1945, about 5:25 P.M. the plaintiff, accompanied by her five and one half year old grandson, arrived in East Brookfield by bus. It was raining very heavily when the bus stopped "in the center of the town" facing easterly on the southerly side of

East Main Street, where the plaintiff was to transfer to another bus. East Main Street runs substantially east and west, and is thirty-five feet wide.

We summarize the plaintiff's testimony. The plaintiff was "the last one off the bus and was at the end of the line of passengers." She had packages in her left hand, and with her right hand took the hand of her grandson, who walked beside her. She left by the front door on the southerly side, walked around the front, and started in a northerly direction to cross the street. When they reached a point about two or three feet north of the northerly side of the bus, which was ten feet wide, she stopped near its northeasterly corner, looked in both directions, and saw the defendant's automobile, which was coming toward her travelling easterly, and "could have been a little further than the length of the bus." She selected an object in the court room to indicate that distance, which was, by agreement of counsel, thirty-four feet. When the plaintiff stopped, there were "a couple of cars" facing westerly on the northerly side of the street, "waiting for people to go by, and there were people walking across the road in front of her." There was no other automobile coming from the same direction as the defendant. She thought she had ample opportunity to cross the street safely, and was hurrying because it was raining hard. She proceeded twelve feet, "or to about the middle of the road," where she was struck by the defendant's automobile. She knew that she was in a place of safety when she saw the automobile thirty-four feet away coming at thirty to thirty-five miles an hour. As she stood looking at it, she knew she would be going into its path if it did not stop. She did not see it again until she was struck. Had she known the defendant was going as fast as she testified, "she would have stayed right still and possibly would not have been hit." She did not wait to let the automobile go by because it was raining, and she "naturally wanted to get across the road as quickly as she could and out of the rain." She misjudged the speed of the automobile. When asked whether before crossing the street she had formed any opinion as to its speed in miles

per hour, she answered, "No; he could have come thirty, thirty-five." When asked, "thirty or thirty-five?" she answered, "Yes; I couldn't say."

There was other evidence as follows: The plaintiff was struck by the front of the right fender, after which the automobile came to a stop within its length (estimated to be about ten feet), and the plaintiff lay on the pavement about six feet ahead and to the right of the automobile. Witnesses called by the defendant testified that the plaintiff, without stopping or looking, with head down, ran around the front of the bus and into the right end of the front bumper of the defendant's automobile; that the defendant's speed was ten to fifteen miles an hour immediately before the impact; and that all the other passengers had reached the opposite side of the street before the plaintiff started to cross. One witness testified that after the plaintiff was hurt and before the bus or the defendant's automobile had been moved, the witness drove his automobile westerly between the bus and the defendant's automobile "with plenty of room on both sides"; that the witness's automobile was about six feet wide; and that the distance between the bus and the defendant's automobile was about eight feet.

The judge instructed the jury that the plaintiff came into court with a presumption that she was in the exercise of due care, and that the burden was upon the defendant to prove otherwise. Compare *Perry* v. *Boston Elevated Railway, post,* 206, 209–210. The judge, subject to the plaintiff's exception, stated in his charge: "She testified in this case and if you believe her story, if you understand her story to be that the car was thirty-four feet away when she saw it and was travelling at thirty miles an hour and that she nevertheless walked toward the path of the car, if you believe that story, then she was not in the exercise of due care; she was guilty of contributory negligence."

We must assume that the jury may have based their verdict upon a finding of the facts referred to in the quoted part of the charge. That the other evidence warranted a verdict for the defendant cannot be considered. Nor, on the other hand, can the testimony, upon which the plaintiff

relies, of the witness as to driving his automobile between the bus and the defendant's automobile. Not only was that no part of the plaintiff's "story," but the jury did not have to accept it. The issue is the narrow one whether it was contributory negligence, as matter of law, for the plaintiff to walk toward the path of the automobile which she testified she saw thirty-four feet away approaching at thirty miles an hour.

We think that there was no error. The only conclusion permissible is that the plaintiff knowingly moved from a place of safety directly in front of a vehicle which was going at such speed that it could not be stopped in time to avoid hitting her. *Bradley* v. *Bay State Street Railway*, 231 Mass. 572. *Sullivan* v. *Chadwick*, 236 Mass. 130, 136–137. *Doyle* v. *Boston Elevated Railway*, 248 Mass. 89. *Hughes* v. *Iandoli*, 278 Mass. 530, 535. *Sullivan* v. *Boston Elevated Railway*, 283 Mass. 507. See *Will* v. *Boston Elevated Railway*, 247 Mass. 250; *Tobin* v. *Nahant & Lynn Street Railway*, 260 Mass. 512. The plaintiff was not justified in abandoning all care for her own safety. *Fitzpatrick* v. *Boston Elevated Railway*, 249 Mass. 140. She took her "chances of getting past the place of danger." *Haynes* v. *Boston Elevated Railway*, 204 Mass. 249, 250. *Pigeon* v. *Massachusetts Northeastern Street Railway*, 230 Mass. 392, 395–396. There is nothing upon which to found an argument that the plaintiff's conduct was due to any act of the defendant, as in *Emery* v. *Miller*, 231 Mass. 243, 246.

*Exceptions overruled.*