WILLIAM J. FLAHERTY *vs.* MASSACHUSETTS BAY TRANSPORTATION
AUTHORITY. February 7, 1972. This action in tort for negligence
causing injuries and death to John F. Flaherty (Flaherty) is before
us on the defendant's exceptions to the denial of its motion for directed
verdicts and to the judge's instructions to the jury. There was evi-
dence as follows. About 9 A.M. on February 17, 1967, Flaherty left the
defendant's Andrew Square station, crossed a six-foot wide public
sidewalk, looked to his left and right, and began crossing Dorchester
Avenue on a pedestrian crosswalk. When he was part way across the
forty-eight-foot traveled way, he saw the defendant's bus leave the
station, turn right and come toward him at an angle, its rear wheels
running over a curb at the station exit. He stepped back a few steps,
but the right side of the bus struck him, throwing him to the pave-
ment, and its rear wheels ran over his body. It was a sunny day, and
all the time that the bus was turning and approaching Flaherty, he
was in full view of anyone looking out of the windshield of the bus.
At the time of impact the bus driver was looking to his left, watching
traffic on that side, and he never saw Flaherty before the accident.
After the accident Flaherty was lying on the road about eighteen
feet from the sidewalk in front of the station. This evidence was
sufficient to permit the jury to find that the bus driver was negligent.
*McComb* v. *New England Transp. Co.* 325 Mass. 221, 222–223. *Fergu-
son* v. *Worth*, 326 Mass. 336, 337–338. The defendant contends that
its motion for directed verdicts should have been allowed because as
matter of law Flaherty was not in the exercise of due care. Con-
tributory negligence "was an affirmative defence and it is rare that the
burden of proving . . . [it] can be said to have been sustained as matter
of law. This is not such a case." *Herwitz* v. *Massachusetts Bay*

*Trans. Authy.* 353 Mass. 594, 598. See *Tookmanian* v. *Fanning,* 308 Mass. 162, 166–167. The judge instructed the jury that "on this issue of contributory negligence of the plaintiff, . . . by statute in Massachusetts; the burden of proof is thrown on the defendant." The defendant excepted to the judge's refusal to give two instructions concerning the presumption of due care created by G. L. c. 231, § 85. Having adequately instructed the jury on the burden of proof of contributory negligence, the judge was not required to instruct them further on "what must needs be an academic discussion of . . . [the] theoretical operation" of the statutory presumption. *Brown* v. *Henderson,* 285 Mass. 192, concurring opinion p. 197. *Perry* v. *Boston Elev. Ry.* 322 Mass. 206, 209–210. There was no error.

*Exceptions overruled.*

*Joseph W. Lobdell* for the defendant.
*James F. Freeley, Jr.,* for the plaintiff.