GEORGE T. HEBERT *vs.* MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY & another.[1]

Middlesex.    December 11, 1973. — January 17, 1974.

Present: HALE, C.J., ROSE, KEVILLE, GRANT, & ARMSTRONG, JJ.

*Negligence,* Street railway: pedestrian; Contributory.

In an action for personal injuries against the proprietor of a street
    railway, contributory negligence on the part of the plaintiff was
    established as matter of law on evidence which, viewed most
    favorably to the plaintiff, showed that he, a pedestrian, when about to
    cross double tracks of the defendant on a reservation, looked in both
    directions and saw no street car, and that he then started diagonally
    across the reservation without again looking back in the direction
    from which cars would come on the further tracks and was struck by a
    car approaching on the further tracks. [670-672]

TORT.    Writ in the Superior Court dated February 2,
1968.

The action was tried before *Thompson,* J.

*Thomas D. Kenna, Jr.,* for the plaintiff.

*Paul J. Dolan (G. Lamar Crittenden, Jr.,* with him) for
the defendants.

HALE, C.J.    This is an action of tort to recover damages
for injuries sustained by the plaintiff when he was struck by
a streetcar operated by the individual defendant. The case
is before us on the plaintiff's exceptions to: (1) the allow-
ance of the defendants' motion for directed verdicts; (2)
certain evidentiary rulings; and (3) the denial of the
plaintiff's motion for a new trial.

From the evidence, viewed in the light most favorable to
the plaintiff, it could be found that on the evening of
November 24, 1967, the plaintiff parked his car on Beacon
Street east of the Kent Street intersection, along the north

---

[1] George J. Dello Russo.

edge of the reservation upon which the defendant's street-car tracks are located. The plaintiff had a clear view of the inbound and outbound tracks for about 300 feet in either direction. After the plaintiff locked his car he looked westerly and saw no streetcar; he then turned and looked easterly and saw no streetcar. Thereupon he proceeded to cross the reservation in a southeasterly direction without again looking back in the direction from which eastbound cars would come. He crossed the northerly or outbound tracks without incident but was struck by an inbound car as he approached the northerly rail of the inbound tracks. He had travelled about 30 feet from his automobile to the point of contact.[2] The operator of the streetcar, George J. Dello Russo, testified that he had stopped at the Kent Street intersection. (The pole marking the car stop at that point was about 330 feet from the place where the plaintiff had parked his vehicle.) He also testified that the point of impact was on the left side of the streetcar, eight to ten feet from the front. The operator further testified that he did not see the plaintiff before the accident.

1. It is our opinion that the defendants' motion for directed verdicts was properly allowed. Although a plaintiff's contributory negligence is rarely established as a matter of law (see *Flaherty* v. *Massachusetts Bay Transp. Authy.* 361 Mass. 853 [1972]; G. L. c. 231, § 85, as amended through St. 1952 c. 533, § 1)[3], it was so established here. The plaintiff "turned his back on the approaching car . . . and then started to cross the track without again looking to see if he could do so in safety." *Smith* v. *Boston Elev. Ry.* 202 Mass. 489, 490 (1909). Such conduct establishes contributory negligence as a matter of law. *Ibid.* See *Adams* v. *Boston Elev. Ry.* 219 Mass. 515 (1914); *O'Callaghan* v. *Boston Elev. Ry.* 249 Mass. 43 (1924);

---

[2] The course travelled by the plaintiff would have required him to look back over his right shoulder to see an approaching inbound streetcar.

[3] The amendment of § 85 which was effected by St. 1969, c. 761, does not apply to this action.

*Daignault* v. *Berkshire St. Ry.* 277 Mass. 227 (1931); *Sullivan* v. *Boston Elev. Ry.* 283 Mass. 507 (1933); *Smith* v. *Boston Elev. Ry.* 304 Mass. 422 (1939). Compare *Callahan* v. *Boston Elev. Ry.* 286 Mass. 223 (1934); *DeLodge* v. *Boston Elev. Ry.* 300 Mass. 219 (1938); *Snow* v. *Boston Elev. Ry.* 303 Mass. 420 (1939); *Herwitz* v. *Massachusetts Bay Transp. Authy.* 353 Mass. 594, 598 (1968). In view of our decision, we need not consider whether the evidence could support a finding of negligence on the part of the defendant operator.

2. The evidentiary rulings were correct. The exclusion of a question put to the operator was proper, as the question was repetitive. See *Ward* v. *Grout,* 341 Mass. 725 (1960). The exclusion of certain of the corporate defendant's company rules offered by the plaintiff was also proper, as it does not appear that any of the rules was applicable to the factual situation.

3. As the motions for directed verdicts were properly allowed, the plaintiff's motion for a new trial, which raised no new matters, was properly denied.

*Exceptions overruled.*