SUMNER H. ROGERS *vs.* MASSACHUSETTS BAY TRANSPORTATION AUTHORITY. March 10, 1975. In this action to recover damages for an injury to the plaintiff's foot, which occurred as he ran across the platform of the defendant's Government Center subway station toward a waiting train and used the foot to "brake" himself when he saw the doors of the train close, the defendant's motion for a directed verdict was rightly allowed. Construing the evidence most favorably to the plaintiff (*Kingsley* v. *Massachusetts Bay Transp. Authy.* 1 Mass. App. Ct. 838 [1973]), and assuming, without deciding, that the defendant

Rescript Opinions.

owed the plaintiff, as a passenger (*Warren* v. *Fitchburg R.R.* 8 Allen 227, 231-232 [1864]), a duty of greater care at the time of the accident than it would have owed to an ordinary invitee (*Carson* v. *Boston Elev. Ry.* 309 Mass. 32, 35 [1941]; but see *Oliveri* v. *Massachusetts Bay Transp. Authy.* 363 Mass. 165, 167 [1973]), we find no evidence of any violation of that duty. There was no evidence that whichever employee of the defendant closed the doors either saw the plaintiff or could have been aware of his dash toward the doors (see *O'Loughlin* v. *Bay State St. Ry.* 221 Mass. 65, 66-67 [1915]; compare *Hines* v. *Boston Elev. Ry.* 198 Mass. 346, 349 [1908]; contrast *Harrison* v. *Boston Elev. Ry.* 316 Mass. 463, 465-466 [1944]), and there is nothing to show that any reasonable precaution which the defendant could have taken would have prevented the accident (compare *Carlson* v. *Boston & Maine R.R.* 269 Mass. 60, 63 [1929]). It is therefore unnecessary for us to decide whether the plaintiff was contributorily negligent as matter of law. See *Hebert* v. *Massachusetts Bay Transp. Authy.* 1 Mass. App. Ct. 670 (1974).

*Order for directed verdict affirmed.*
*Judgment for the defendant.*

*Edward J. Barshak* for the plaintiff.
*Paul J. Dolan* for the defendant.